Mr. Justice Moore
delivered the opinion of the Court.
This is an original proceeding commenced in this court by the filing of a petition in which alternative forms of relief were sought in connection with litigation pending in the district court of the City and County of Denver. Primarily the relief prayed for was on behalf of petitioner Virginia R. Piper, to whom we will refer as Virginia. The Northwest Rural Public Power District is named as a petitioner because of its asserted right of subrogation under circumstances involved in the district court action.
Pertinent facts concerning the district court action are as follows: Virginia brought an action against the above named respondents (other than the district court) in which she sought to recover damages for the wrongful death of her husband. The death occurred in the State of Nebraska. Upon the issues framed the action was tried to a jury and a verdict was returned in favor of Virginia in the amount of $175,681.00. Judgments entered upon the verdict and thereafter the defendants filed separate motions to set aside the verdict, for judgment notwithstanding the verdict, and for a new trial, alleging as grounds therefor that numerous errors were *89 committed by the trial court during the trial, and also alleging that:
“The damages are excessive and said damages and verdict in the sum of $175,681.00 are grossly excessive and are not supported by the evidence or the law.”
The district court granted a new trial and vacated all judgments theretofore entered. The order for a new trial made it clear that the sole reason for the action was the conclusion of the trial court that the award of damages by the jury was grossly excessive, the court stating in this connection that, “but for the excessive verdict rendered by the jury this Court would also deny the defendants’ motion for a new trial.”
The prayer of the petition in the proceedings before this court contains, inter alia, the following:
“6. Upon consideration of this petition and any answers thereto filed by respondents and any briefs permitted by this Court to be filed, this Honorable Court order that the ORDER entered on July 7, 1960, by respondents Honorable Robert H. McWilliams and District Court be set aside insofar as said ORDER vacates the judgments entered by the District Court on May 16, 1960, in Civil Action No. B-24298, and insofar as said ORDER grants the motions of respondents Broderick Wood Products Co. and Commercial Testing Laboratories, Inc., for a new trial; and this Honorable Court order that the judgments entered by the District Court on May 16, 1960, in Civil Action No. B-24298 be reinstated by said District Court as of May 16, 1960, and order that MOTION OF DEFENDANT BRODERICK WOOD PRODUCTS CO. TO SET ASIDE VERDICT, FOR JUDGMENT NOTWITHSTANDING VERDICT AND FOR A NEW TRIAL and MOTION OF DEFENDANT COMMERCIAL TESTING LABORATORIES, INC. FOR JUDGMENT OR FOR NEW TRIAL be denied in toto.
“7. In the event that this Honorable Court does not grant the relief prayed for in paragraph 6 of this prayer *90 for relief, and only in that event, then this Honorable Court fix and determine the amount of damages found by the jury in the amount of $175,681.00 which is excessive and order a remittitur in that amount, and, conditioned upon plaintiff filing her acceptance of such remittitur within twenty (20) days thereafter, order respondent District Court to enter judgment in the amount found not to be excessive by this Honorable Court nunc pro tunc as of May 16, 1960, in favor of plaintiff and against defendants Broderick Wood Products Co. and Commercial Testing Laboratories, Inc., and each of them, together with costs to be assessed; and, in addition, this Honorable Court order that the ORDER entered on July 7, 1960, by respondents Honorable Robert H. McWilliams and District Court be set aside insofar as said ORDER grants the motions of respondents Broderick Wood Products Co. and Commercial Testing Laboratories, Inc., for a new trial in the event that plaintiff files her acceptance of such remittitur within twenty (20) days of the conditional order of this Court.
“8. In the event that this Honorable Court does not grant in full the relief prayed for in paragraph 6 or in paragraph 7 of this prayer for relief, then this Honorable Court order that the ORDER entered on July 7, 1960, by respondents Honorable Robert H. McWilliams and District Court be set aside insofar as said ORDER grants the motions of respondents Broderick Wood Products Co. and Commercial Testing Laboratories, Inc., for a new trial on all issues, and this Honorable Court order that any new trial granted to defendants Broderick Wood Products Co. and Commercial Testing Laboratories, Inc., be on the question of damages only.”
Counsel for the parties have filed extensive briefs and have cited numerous cases from this and other jurisdictions. The question chiefly argued is whether the trial court should have limited the new trial to the issue of damages alone. The points discussed in great detail by *91 counsel do not treat the question, which we think is clearly decisive of the case.
We direct attention to the very important fact that there is no reporter’s transcript of the proceedings at the trial before us. It is perfectly obvious that in the absence of such transcript the relief prayed for in paragraphs 6 and 7 above quoted could not be granted, even if the case was before us on writ of error rather than on original proceedings. Where an adequate remedy is available by writ of error, original proceedings will not be entertained.
With reference to the contention that the new trial should have been limited to the issue of damages alone, suffice it to say that such order if entered would have been erroneous. As observed above, the motion for a new trial set forth numerous alleged errors of the trial court relating to the admission of evidence, exhibits, the giving and refusal of instructions, and other matters bearing directly upon the issue of liability and which, if overruled, defendants would be entitled to have reviewed upon writ of error. To limit the retrial to the issue of damages alone would deprive them of the full review covering all elements of the case to which they are unquestionably entitled. The trial court acted within its discretion and authority in declining to limit the issues upon retrial.
The rule is discharged.
Mr. Justice Day, Mr. Justice Doyle and Mr. Justice McWilliams not participating.