No. 19,478.

Glen O. Brown, et al., Contemnors *v.*
Alfred Amen, et al.
(364 P. [2d] 735)

Decided August 21, 1961.   Rehearing denied September 25, 1961.

Messrs. Mellman, Mellman & Thorn, for plaintiffs in error.

Mr. John W. Metzger, Mr. Benjamin R. Loye, Mr. Richard W. Bangert, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

A REVIEW by writ of error of three judgments is here sought. Default judgment in the amount of $2640 was entered against plaintiff in error, Glen O. Brown. Judgments of contempt of court involving sentences of 6 months in jail were entered against Glen O. Brown and Keith Smith.

Originally a civil action seeking a money judgment was instituted on July 2, 1959. On that day a summons was issued in which Glen O. Brown, Ernest Brown and Pat Spicer were named as defendants. This summons was not signed although the name of the attorney instituting the action was typed on its face. According to the return on the back of this summons, service was had on the Browns by delivering a copy of the summons to one Robert Jones, Chief Clerk of the hotel where the Browns resided at 1322 16th Street, Denver, Colorado, on July 2, 1959. Subsequently a complaint was filed omitting the name of Pat Spicer from the caption, which described a fraud and demanded actual damages in the amount of $2640, exemplary damages in the amount of $10,000, together with a body judgment. (The amount of the actual damages was inserted by leave of court on August 4, 1959.)

On August 4, 1959, a motion and affidavit for default was filed by the plaintiffs. Subsequently a default judgment was entered in the amount of $2640 against Glen O. Brown and Ernest Brown. On August 14, 1959, the Browns filed a written motion to vacate and set aside the default judgment and for leave to plead to the complaint. This motion was heard and granted on September 18, 1959, and defendants were granted 10 days to plead.

Subsequently the plaintiffs requested a rehearing of the order vacating the default judgment on the ground

that they had additional evidence pertaining to its validity. Following hearing the judgment was reinstated as to the defendant Glen O. Brown, but denied as to the defendant Ernest Brown. As a result of the proceedings had in connection with the motion to rehear the default judgment matter, Brown and Keith Smith were adjudged in contempt. The court concluded that they had committed perjury in its presence in that they had testified that Glen O. Brown had not been served with process, whereas the court found that he had been served. Detailed findings and conclusions adjudging the perjury were made and these appear in the record. In addressing Brown, the court said:

" * * * Now, we have had several hearings and I am convinced that you were committing perjury when you so testified, Mr. Glen O. Brown. I am convinced that you were in Denver on that date and that you were personally served in the instant case. Obviously I choose to believe Mr. Zullo and Mr. Rose of the Sheriff's office as opposed to your testimony and the testimony of Keith Smith. And I would comment parenthetically of course that it was obvious to everybody in the courtroom that you and your star witness, Keith Smith, just were not together on your stories. You said you were out of town on July 2d and there was no equivocation. It wasn't, well, I might have been out of town, or I might have been in town, it was a flat, I was out of town on July 2d. And Mr. Smith apparently didn't get the cue because he testified you were in town on July 2d and you were down there at 1322 Sixteenth Street minutes away from the time that he, Smith was served. Now let's face up to it. Smith didn't help your version of this case a bit because you and he were controverting a very material fact."

In decreeing Smith guilty of contempt, the court found as follows:

"In recapitulation I now decree that you have committed a direct and criminal contempt in this court, the

contempt consisting of a false swearing under oath in court, to the effect that you had been served by the sheriff's representatives, Mr. Zullo and Mr. Rose, and that Glen O. Brown was not served. And further I would comment and read into the record and incorporate as a part of my findings and commitment order that I believe there was another direct contempt, even under your version of the facts, which was admitted in open court, and that was that you in open court under your version stated that you were served by Sheriffs Zullo and Rose and gave them a false name. That is your testimony here in open court. And even should that be the true state of affairs, which I decree it is not, giving a false name to a representative of the sheriff's office who is an arm of this Court is a direct criminal contempt."

In seeking a reversal, it is urged:

That since the summons in the original action was unsigned, the court acquired no jurisdiction over the defendants with respect to the prayer of the complaint or a contempt adjudication. Consequently the money judgment against Brown and the contempt adjudications of Brown and Smith must be set aside. The unsigned condition of the summons was apparently discovered after the hearings in the trial court. Numerous other errors are assigned. For example, it is claimed that the filing of the complaint which failed to include one of the defendants named in the summons was a new action and that the dropping of this defendant constituted a release of one of several joint tort feasors. We consider it unnecessary to comment on these and other points urged.

It does not appear from the record that the summons which the trial court found to have been served on Glen O. Brown was signed. It is undisputed that the original summons filed with the Clerk of the District Court was not signed. Apparently the defendants discovered this fact after they had moved to vacate the default judgment because the only point which they rely on in their motion to vacate the default is that they were

not served. However, since the record does not reveal whether the served summons was signed, we must presume from the fact that the original summons was unsigned that the copy served upon Glen O. Brown was not signed. See *Reuss v. W. T. Rawleigh Co.,* 101 Colo. 356, 73 P. (2d) 987. The defendants' motion did not, however, attack the summons. It was directed instead to the default judgment and it prayed for an order authorizing the defendants to plead to the complaint. By this action, the defendants subjected themselves to the jurisdiction of the court. *Barra v. People,* 18 Colo. App. 16, 69 Pac. 1074; *Isham v. People,* 82 Colo. 550, 262 Pac. 89; *Pierce v. Hamilton,* 55 Colo. 448, 135 Pac. 796. See also *Wells Aircraft Parts Co. v. Allan J. Kayser Co.,* 118 Colo. 197, 194 P. (2d) 326.

The remaining question is whether the trial court was correct in reinstating the default judgment. Its action was based on its finding that the summons had been actually served on the defendant Glen O. Brown, and apparently assumed that it had been signed. However, unless we now hold that an original summons need not be signed and at the same time overrule *Reuss v. W. T. Rawleigh Co.,* supra, we must determine that the service of this purported summons did not effectively bring the defendants within the jurisdiction of the court. In *Jones v. Colescott,* 134 Colo. 552, 307 P. (2d) 464, we held that a general appearance has no retroactive force:

"Counsel for plaintiff has called our attention to the general appearance made by these defendants in seeking to set aside the default and that the court therefore acquired jurisdiction over them. As to the four defendants who filed the motion to vacate the judgment, the court now has jurisdiction, but only to grant time in this action to plead or answer to the complaint herein. The general appearance did not validate the void default judgment. However, as to the defendants who did not join in the motion and the unknown defendants, the attempted substituted service by publication is void. The

plaintiffs must now begin anew to obtain service on them."

We must, therefore, hold that the default money judgment against Brown is not valid and that the motion to vacate it should be granted.

The court did not, however, lack jurisdiction over the persons of Glen O. Brown and Keith Smith in connection with the contempt adjudication. Brown voluntarily came into court, submitted himself to the jurisdiction of the court and testified in his own behalf. Smith testified on behalf of Brown and both were found to have committed perjury in the presence of the court. We have examined the testimony in the case and find that it is adequate to support the findings of the trial court. We are not disposed to disturb these findings and adjudications and the contempt judgments are therefore affirmed.

The judgment reinstating the default judgment against Glen O. Brown is reversed. The judgments of contempt against Glen O. Brown and Keith Smith are affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE MOORE concur.