No. 20,995.

Donald Altobella *v.* Honorable George G. Priest, Judge of the District Court of Jefferson County.

(385 P. [2d] 585)

Decided October 8, 1963

Messrs. Bellinger, Farcy & Tursi, for petitioner.

Mr. Ronald J. Hardesty, District Attorney, Mr. Robert K. Willison, Deputy, for respondent.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This is an original proceeding. Donald Altobella filed his petition in which it was alleged that he appeared before the respondent district court on October 3, 1963, as the defendant in a criminal case pending in said court. The action had theretofore been set for trial on that date. On said date attorney Dale P. Tursi entered a special appearance on behalf of petitioner for the sole purpose of filing and arguing a motion requesting continuance for the trial of the case, and a motion for change of judge. It was further alleged that the respondent judge acknowledged receipt of a telegram from an attorney in Chicago in which it was stated that said attorney had been retained by the petitioner to defend against the charge but that he was then engaged in the trial of a case in Chicago and could not appear and requested that the trial setting be vacated and the action be reset at the convenience of the court. It is further alleged in the petition that the court "erroneously refused to grant the motion for change of judge, in no way disputing the facts as alleged in the petition, nor showing any grounds for disputing the affidavits affixed thereto." The petition continues as follows:

"7.

"That the Court did then vacate the trial, ordered the defendant to appear for setting on Monday, October 7, 1963, and did then with no notice to show cause, no charge of contempt, no grounds whatsoever, and over objection, find the defendant to be in contempt, sentencing him to 90 days in jail to commence forthwith, dispensed with any right of the defendant to petition for re-hearing or stay of execution, and denied bond.

"8.

"That this petition is not frivolously filed, and that unless this Court takes immediate jurisdiction of this matter, he shall be held without bail in violation of Article VI, Section 3 of the Constitution of the State

of Colorado, Article II, Section 20 of the Constitution of the State of Colorado, and Article VIII of the Constitution of the United States."

Upon this petition we issued a rule to show cause why the petitioner should not be released from custody on this "judgment" for contempt.

The answer of respondent contains the following, with reference to what happened on October 3, 1963:

"2. Defendant appeared with his attorney of record, Frank A. Ciancio, Jr., and also with special counsel, Dale P. Tursi. Mr. Ciancio advised the Court that he had been unable to contact the Defendant in order to prepare for trial, this in spite of the fact that the Defendant had been released from custody on bail on or about September 3, 1963, and had at least one month in which to contact his attorney of record. Mr. Ciancio then requested permission of the Court to withdraw as attorney for Altobella, which request was granted by the Court. At this time, the People were ready for trial, the jury panel had been summoned and was present, and all witnesses for the People had been subpoenaed, and were available to testify."

It is asserted by respondent that on two other occasions prior to October 3, 1963, petitioner "had delayed trial of his case by dilatory and delaying tactics." The answer contains the following:

"5. In view of the dilatory and delaying tactics of the Defendant Altobella, this Court found him in contempt of the Court on the morning of October 3, 1963, and sentenced him to ninety days in jail."

If in fact the petitioner was pursuing "delaying tactics," and had theretofore unnecessarily requested delay in the trial of the case, the court should have denied the application for continuance and required that the case proceed to trial. On October 3, 1963, defendant in the action was present, his attorney of record for a substantial period of time was present, and the case could have been tried. A defendant who fails and

neglects to prepare his case for trial at the appointed time although sufficient time has been provided for such preparation, cannot complain if the trial is had at the time appointed. An attorney who enters an appearance on behalf of an accused cannot withdraw his appearance on behalf of a defendant on the day set for trial unless the court grants his request to do so, and it is presumed that such an application will be denied unless good cause is shown why it should be granted.

We are at a complete loss to understand how any summary judgment for contempt of court can be lawfully imposed upon a defendant in a criminal case when all that the record discloses with relation to that contempt is that the defendant made a motion for a continuance which the court saw fit to grant. Respondent has cited no authority for any such far-fetched notion. We know of none.

■ The answer contains the statement, "This contempt occurred in the presence of this Court." A pertinent question is, "What contempt?" The undisputed facts before us show no contempt of court committed in the presence of the court. The court was without jurisdiction to summarily impose a ninety-day jail sentence for contempt of court under the admitted facts.

■ We direct attention to *Pittman v. District Court* 149 Colo. 380, 369 P. (2d) 85, in which a somewhat similar situation was involved. In that case attorneys were penalized in a summary manner for employing "stalling" tactics. This court said, inter alia:

"We can easily conceive of a situation in which conduct of attorneys for litigants in unreasonably obstructing progress in a given case would warrant *appropriate* action by a trial judge which might result in a judgment for contempt of court. If such conduct amounts to a direct contempt committed in the presence of the court it may be handled summarily as a contempt matter, but the record with reference to the matter allegedly constituting the contempt must show with particularity

what actually happened, and if the matter is thus summarily handled it must be handled as a contempt matter. * * * "

* * *

" * * * It may be that upon a citation to show cause why some specific conduct referred to in the citation should not be held to be a contempt of court, matters which do not appear in the transcript before us would develop and justify a different result. This however is pure speculation. Contempt matters must be adjudicated in *appropriate* proceedings. No *appropriate* proceedings in contempt have been conducted in this case."

In the instant case there is no record as to what happened; there is nothing before us except the contents of the petition, the pertinent allegations of which are admitted. We repeat from the above cited case, "Contempt matters must be adjudicated in *appropriate* proceedings. No *appropriate* proceedings in contempt have been conducted in this case."

Another recent opinion of this court which contains directions pertinent to the instant action was announced in *District Attorney in and for the County of Alamosa v. The District Court in and for the County of Alamosa,* 150 Colo. 136, 371 P. (2d) 271. It was there held that a district attorney who failed to appear when criminal cases had been set for hearing, thereby causing inconvenience or delay in business, could not be summarily adjudged in contempt of court. From the opinion in that case we quote the following:

" * * * in the instant case it is apparent that the question of whether there was any willful intent thus to interfere with the administration of justice depends upon whether facts which are asserted on the one hand and denied on the other are true or false. The answer of respondent has exhibits attached thereto in the form of affidavits concerning matters which happened outside the presence of the court, and thus the answer itself discloses that the contempt of which petitioner was

found guilty, if any, did not take place in the presence of the court.

"Under the circumstances disclosed by this record we must conclude that the court was without jurisdiction to summarily adjudge petitioner in contempt; that any contempt allegedly committed was not committed in the presence of the court; hence a notice and hearing, followed by specific findings, were necessary as a prerequisite to any judgment finding petitioner in contempt of court."

The rule is made absolute. The judgment finding the petitioner to be in contempt of court is void and he should be forthwith released from custody.

MR. JUSTICE McWILLIAMS dissents.

MR. JUSTICE McWILLIAMS dissenting:

From a procedural standpoint I find myself in disagreement with the majority of this Court, and therefore I must dissent.

In an original proceeding instituted in this Court, Altobella alleges that in the district court of Jefferson County, on October 3, 1963, he was adjudged to be in contempt, summarily sentenced to ninety days in jail and then denied a stay of execution and a release on bond, and accordingly he asked "that citation issue forthwith to the respondent [the committing judge], commanding him to show cause why petitioner should not be released upon his existing recognizance pending final review of this matter." It is observed that Altobella in his petition to this Court did not ask for a "final review of the matter" — only an order that he be released, until such time as the matter could be reviewed on its merits.

By appropriate order this Court commanded the respondent to show cause within seventy-two hours "why the *relief requested in the prayer of said petition* should not be granted." (Emphasis supplied.)

Respondent within the time set by the Court filed an answer, asking that the petition be dismissed for the stated reason that Altobella was committed to jail for a "contempt [that] occurred in the presence of the Court"; that the court "has an inherent right to punish . . . [Altobella] forthwith"; and that Altobella "is not entitled to bail under a finding of contempt occurring within the presence of the court."

It is on this state of the record that the majority of this Court do not order that Altobella be "released" pending "final review of the matter," but rather proceed forthwith to make a "final review of the matter" and "void" the judgment of contempt. I disagree with this disposition of the matter.

The general rule is that this Court will not entertain original proceedings "where an adequate remedy is available by writ of error." See *Piper v. District Court,* 147 Colo. 87, 364 P. (2d) 213. As illustrative of the fact that a judgment of contempt is subject to review by writ of error, see *Brown v. Amen,* 147 Colo. 468, 364 P. (2d) 735.

Hence, Altobella does have "an adequate remedy . . . available by writ of error," i.e., the judgment of contempt is subject to review by writ of error, and in such appellate proceeding he undoubtedly would have the right to seek a stay of execution of his ninety-day jail sentence and ask that bail be set.

This being true, I am disinclined in an original proceeding and on the state of the record to pass on the merits of the judgment of contempt, which represents relief not sought by Altobella in his petition. I would therefore discharge the rule, without prejudice, to the right of Altobella to seek review and relief through writ or error.