238 S.W.2d 924 (1951)
GREEN
v.
PERR.
No. 28153.
St. Louis Court of Appeals, Missouri.
April 17, 1951.
Rehearing Denied May 18, 1951.
*925 R. P. Smith, Cape Girardeau, for appellant
J. Grant Frye, Cape Girardeau, for respondent.
BENNICK, Judge.
This is an appeal from an order modifying a decree of divorce with respect to the custody of a minor child.
The divorce action had been instituted in the Cape Girardeau Court of Common Pleas by the wife, Golda M. Perr, against her husband, Eberhardt Perr, and had resulted in the entry of a decree for plaintiff awarding her the general custody of a minor child, James Edward, who was then approximately thirteen months of age. The date of the decree was March 10, 1944.
The child had unfortunately been born with a harelip and cleft palate, which required a series of operations to relieve the affliction.
On February 13, 1947, the court modified the decree on defendant's motion so as to provide that defendant should have the custody of the child from September 1st of each year to the following May 31st, and with plaintiff to have custody for the remaining three months, or from June 1st to August 31st.
From the order so entered plaintiff appealed to this court, where the order was reversed and the cause remanded with directions that the child be allowed to remain in plaintiff's general custody, but with defendant accorded all reasonable visitation privileges, which were to be specifically fixed and defined so as to obviate any further room for controversy between the parties over the exercise of defendant's right to see his child. Perr v. Perr, Mo.App., 205 S.W.2d 909.
We observed in that case in connection with the question of the parties' attitude towards compliance with the court's decree that not only had plaintiff herself been greatly lacking in a proper regard for defendant's rights, but also that the situation had been seriously complicated by reason of her marriage to one Green, who had refused to permit defendant to call at their home to get the child when exercising his privilege of visitation.
*926 Our opinion disclosed that in reversing the order modifying the decree we had no doubt of defendant's devotion to his child, but acted purely upon what we conceived to be the best interests of the child in the light of the circumstances of the case as disclosed by the record on the appeal. The child was then only four years of age; and it appeared that its welfare would be better served as of that time if it were left with its mother in the home she had established with her second husband, Green, rather than to be entrusted for nine months of the year to defendant, who was then living alone in a two-family flat, and who had planned, during the period of his custody, to leave the child with an upstairs neighbor while he was away each day at work. Furthermore there was no question in our minds of plaintiff's own devotion to the child; and we were particularly impressed with the desirability of having it remain in her care for the time being because of the experience she had gained in connection with the measures that were being taken to relieve its physical affliction.
So matters stood until October 22, 1948, when the court again modified the decree upon defendant's motion so as to provide that plaintiff should have custody of the child during the entire school year subject to defendant's right of possession on alternate week-ends, and that defendant should have custody during summer vacation periods subject to plaintiff's right of possession on alternate week-ends.
Being dissatisfied with the provision awarding defendant the custody of the child during summer vacations, plaintiff attempted to appeal from the order, but failed to give her notice of appeal in time with the result that her appeal was dismissed by this court. Perr v. Perr, Mo.App., 227 S.W.2d 490.
Very shortly after the modification of October 22, 1948, and at a time when steps were being taken to have the order reviewed on appeal, a material change in condition occurred which added immeasurably to the difficulties already existing in securing compliance with the court's decree.
Plaintiff's husband, Green, was a salesman, and at the time of his marriage to plaintiff was assigned to a territory which permitted him to maintain his home in Cape Girardeau, where plaintiff and defendant had resided during the period of their marriage, and where defendant still resides. Within less than a month after the second modification, Green changed his employment and was transferred to Plymouth, Wisconsin, where he moved with his family, consisting of plaintiff and the child, on January 31, 1949.
Even if there had been no previous trouble over securing obedience to the court's directions regarding the successive transfers of possession of the child from the one parent to the other, the change in plaintiff's residence would have put further compliance out of the question for all practical purposes. In view of the distance separating the parties and the time and expense that would be involved in journeying to and fro between Wisconsin and Cape Girardeau, it obviously became physically impossible for either party to exercise his or her right of possession of the child on alternate week-ends during the period that the other had general custody.
On May 31, 1950, plaintiff filed a motion to modify the decree in such a way as to meet the changed condition that had arisen because of her removal with the child from Cape Girardeau to Wisconsin.
Defendant thereupon filed a countermotion in which he prayed the court either to give him absolute custody of the child, or else to require plaintiff to keep the child in Missouri and within a reasonable distance of the court.
On August 25, 1950, the court consolidated the two motions for hearing, and at the same time entered an order directing plaintiff to produce the child before the court on the following September 18th so that the court might see and observe the child. It is agreed that such order was not obeyed.
On September 22, 1950, after all the evidence was in, the court again modified the decree and ordered that the custody of the child be awarded to defendant effective immediately, but with plaintiff accorded the right of reasonable visitation.
Following the entry of such order, plaintiff filed her motion for a new trial; and *927 the same being overruled, she gave notice of appeal, and by proper successive steps has caused the case to be transferred to this court for our review.
In assailing the order as entered by the court, plaintiff argues that it violates the direction given by this court on the first appeal to the effect that general custody of the child should at all times remain with her. Perr v. Perr, Mo.App., 205 S.W.2d 909. Plaintiff unfortunately misconceives the purport of that decision. What this court obviously intended was that plaintiff should have custody so long as conditions remained substantially as they were at the time with which we were then concerned, and we plainly said so in our opinion. Meanwhile there have been substantial changes, including the removal of the child to Wisconsin; and the direction contained in our first opinion was in no sense conclusive upon the question of where custody should go when proof of changed conditions appeared.
In fact the present proceeding was initiated upon plaintiff's own motion that the court should modify the decree in such a way as to take into account the consequences of her removal to Wisconsin, but she insists that in transferring complete custody to defendant, the court was actuated by personal hostility towards her to the point of disregarding all question of the welfare of the child.
It is true that the custody of a minor child of divorced parents should never be awarded as the means of punishing one parent or rewarding another; and we confess that at the time of the first appeal we were somewhat fearful that the court, believing that plaintiff was primarily responsible for the difficulty encountered in securing obedience to its decree, had been unduly influenced by its resentment at the attitude she had displayed.
As a matter of fact, the court's remarks from the bench in announcing its decision in the instant matter leave no room for doubt that it does feel very keenly that plaintiff has been contemptuous of its orders regarding the custody of the child. But just as defendant points out, it is too much to expect that a court will be able to avoid all normal human reactions growing out of the circumstances with which it may be confronted; and while it should do its utmost to conceal whatever feelings may be aroused, the real question in every case such as this is whether it has none the less acted for the best interests of the child.
The evidence, which was very brief, disclosed that defendant had not seen his child since March 20, 1948, which marked the end of a fifteen-day period during which he had had possession of the child under a special order of the court. He had also had the child under a like special order for a single day in the month of February, but except for this he had not actually had the child in his custody at any time within the four or five years preceding the hearing in the court below. He had not been advised that plaintiff was taking the child to Wisconsin, but later learned of it through his attorney. He had remarried in 1947, and testified that his present wife was willing to join with him in assuming the custody of the child.
Not only does defendant himself have the natural right to enjoy contacts with his child, but it is unquestionably to the child's own best interests that it have the benefit to be derived from association with its own father, whose personal and moral fitness has never been questioned. Even when we felt on the first appeal that plaintiff should retain general custody since the child was then only four years of age, we specifically directed that defendant should be accorded all reasonable visitation privileges. Now the child is eight years of age, and it is consequently all the more imperative that it not be denied the opportunity for gaining the advantage of intimate acquaintance with its father.
Where the one parent's conduct, as by the actual or threatened removal of the child from the jurisdiction of the court, is such as to deprive the other parent of his right of access to the child as granted by the decree, such fact is good ground for a motion to modify. In other words, where the one parent acts in disregard of the decree so as to deny the other parent the rights he has under it, the court is not limited to mere punitive measures, but may *928 modify the decree in such a way as to insure the carrying out of those provisions which it conceives to be for the best interests of the child. Olson v. Olson, Mo.App., 184 S.W.2d 768; Shepard v. Shepard, Mo.App., 194 S.W.2d 319.
Because of the trial court's better position to observe and appraise the human factors to be taken into account in fixing the custody of a minor child of divorced parents, the appellate courts have always recognized that the trial court's decision in such a matter should not be lightly disturbed, but should rather be deferred to unless it is apparently in conflict with a clear preponderance of the evidence, or manifests an abuse of judicial discretion. Lutker v. Lutker, Mo.App., 230 S.W.2d 177; Martin v. Martin, Mo.App., 160 S.W.2d 457; Morgens v. Morgens, Mo.App., 164 S.W.2d 626.
Ever since the lower court became charged with the responsibility of adjudicating the custody of the child in question, it has encountered far more than the ordinary difficulties in securing obedience to its directions. It has concluded, with apparent justification, that it was plaintiff who was primarily responsible for the disregard of its orders. Granting the fact, as pointed out on the first appeal, that the child is not to be taken out of plaintiff's custody for the purpose of punishing her for her conduct, it is none the less true that her disrespectful attitude towards the court and its authority is a proper matter for consideration in determining the question of the welfare of the child. Shepard v. Shepard, supra.
Now she has brought the matter to a climax by taking the child outside the jurisdiction of the court so that compliance with its decree has become physically impossible. Generally speaking, it is against the policy of the law to permit a minor child of divorced parents to be removed to another jurisdiction unless it is clear that the child's own best interests will be better served by so doing. Baer v. Baer, Mo.App., 51 S.W.2d 873, and in this case it appears that the opposite is true, since the practical consequence of the child's removal will be to deny it reasonable opportunity for contacts with its father. Under the present circumstances, which are of plaintiff's own making, the order awarding custody to defendant seems proper and should be affirmed. It is so ordered.
ANDERSON, P. J., and McCULLEN, J., concur.