GEORGE MONROE BLACKWELL, JR., ET AL. *v.* MIDLAND
FEDERAL SAVINGS AND LOAN ASSOCIATION.
Decided June 20, 1955.

## No. 17,579.

SAM MCMORRINE *v.* GEORGE MONROE BLACKWELL, JR.,
ET AL.

Decided June 20, 1955.   Rehearing denied October 17, 1955.
(284 P. [2d] 1060)

Mr. GEORGE J. ROBINSON, Mr. RAY A. CURRAN, for plaintiffs in error Blackwell, and as defendants in error in No. 17,579.

Messrs. KNIGHT & LESHER, Mr. RICHARD M. SCHMIDT, JR., for defendant in error Midland Federal Savings & Loan Association.

Mr. ARTHUR S. BOWMAN, Mr. LENNART T. ERICKSON, for plaintiff in error McMorrine.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THESE two writs of error have grown out of one complaint and the answers thereto and one record, and this opinion covers both judgments.

Mere mention of the errors disclosed by the record and a brief narrative of the facts is amply sufficient to reverse the judgment in McMorrine v. Blackwell and to affirm the judgment in the case of Blackwell v. Midland Federal Savings and Loan Association. The trial court and former counsel for McMorrine are at fault in the matter of the proceedings resulting in the judgment against McMorrine. This judgment in effect is comparable to a default judgment when in fact there was no actual default on the part of McMorrine, which should have been observed by the trial court prior to the entry of judgment herein.

The Blackwells, herein referred to as plaintiffs, entered into an agreement with defendant McMorrine on October 21, 1947, wherein defendant agreed, for the consideration of $8,592.00, to build a dwelling house on prop-

erty owned by plaintiffs in Lakewood, Jefferson county, Colorado. Defendant was to furnish all labor and material necessary for the completion of the building according to the plans and specifications. Prior to entering into the contract, plaintiffs, in September of 1947, had negotiated for a construction loan from defendant Midland Federal Savings and Loan Association of Denver, which loan was made available to plaintiffs through the eligibility of George Monroe Blackwell, Jr., as a World War II veteran and thereby could qualify under the regulations of the Veterans Administration for such a loan. The house was constructed and approved by the Blackwells, who signed a final release and entered upon occupancy thereof in December, 1947, where they remained without complaint as to the construction of the house for approximately six years, or until July 13, 1953, when the complaint herein was filed, generally alleging faulty construction on the part of McMorrine, the contractor, and for failure of inspection according to contract on the part of Midland Federal Savings Association. We may just as well say now, that there was no breach of any inspection contract on the part of the Midland Company, because no such inspection contract existed and this being made clear to the trial court, Midland's motion for a directed verdict was properly sustained; however, the case as to McMorrine was submitted to a jury, which returned a verdict for $12,000.00 compensatory damages and $10,000.00 exemplary damages, on September 30, 1954.

December 23, 1953, Samuel H. Sterling, as attorney for McMorrine, filed an answer for his client. On April 5, 1954, the trial court, after ruling on motions for summary judgment, set the case for trial to a jury for September 28. On the former date, Sterling, after the denial of motions made on behalf of his client, and after the setting of the case for trial, filed a petition with the court for leave to withdraw as counsel for McMorrine, and as grounds therefor stated, " * * * that said defendant has

failed and neglected to confer with this petitioner and that pursuant to notice previously having been given by this petitioner to said Sam McMorrine, this petition is hereby filed." It is to be observed that petitioner stated that notice had been given to the client. The facts are, that on that day he addressed a letter to McMorrine giving notification of his withdrawal from the case and that he no longer represented him. A copy of this letter was delivered to the Clerk of the trial court on April 6, 1954, and after the trial court, on April 5, 1954, had entered its order granting leave for counsel to withdraw, the original letter was returned to Sterling by the postal department in due course as undelivered by being twice refused and retained by him in his files until November 18, 1954, when he delivered it to the present counsel for McMorrine.

McMorrine never knew of this situation, or that he was without counsel until after judgment was entered against him and he was cited into court for examination concerning his property. Upon learning of this situation, defendant, through present counsel, filed a motion to set aside and vacate the judgment and all orders entered respecting defendant McMorrine, which was finally overruled by the trial court, and a writ of error obtained.

As grounds for reversal of this judgment McMorrine contends that the trial court, at the time of the hearing on the motion to vacate the judgment knew that defendant had not been given his day in court, and was advised that at the time of the entry of the judgment the trial court was under the mistaken impression that defendant McMorrine had been given notice of the trial and the withdrawal of counsel, and that the absence of defendant from the trial was at his own election; further that the trial court on April 5, 1954, by written order, permitted Sterling, the attorney of record for McMorrine, to withdraw after the issues had been joined and the case set for trial without either a requirement that defendant be present in court or be notified in advance of the presenta-

tion of the petition to withdraw or that some procedure then be set forth whereby defendant would be given a due and proper notice in such manner that it would affirmatively appear of record that he had received notice of the trial and the withdrawal of his counsel; that the trial court, in permitting counsel to withdraw, wholly and utterly failed to protect the rights of defendant; and that the judgment entered against defendant was erroneous and should have been set aside.

██ ██  Defendants in error's supplemental statement of the case is in violation of Rule 115 (a) R.C.P. Colo., in that it contains inferential argument; moreover, the inference is not supported by the record, in that it appears to establish an impression that the registered letter of notice to McMorrine was by him twice refused. The crux of this entire matter lies in the fact that the trial court, after setting the case for trial at the instance, and in the presence of an attorney of record for one of the litigants, granting that attorney leave to withdraw and abandon the cause of his client without convincing evidence of notice to the client, and finally permitting judgment to be entered against the client, is an abuse of discretion, and particularly so when the entire matter was presented to the court by a motion to vacate the judgment, which was denied. Further, the then attorney of record imposed upon the court by representing that he had given notice of withdrawal to his client, which in and of itself at that time, was insufficient as a showing that the client had notice. The giving or mailing of a notice to the client is one thing, and the receipt thereof by the client, is another. The action of the trial court in permitting counsel to withdraw under such circumstances was ill-advised and erroneous. Furthermore, counsel did not know at the time of petitioning for withdrawal that his client had received the notice. When counsel received the return of the original notice from the postal department undelivered to the client, it became the duty of the attorney to so advise the court in-

stead of concealing the return in his files, and thus allowing the client to suffer injury and damage in the way of a judgment against him. The error of the court was confounded by the improper practice of counsel. These facts fully appear from the motion to set aside and vacate the judgment, which motion was denied. At this point we are confronted with a mysterious statement in the reply brief of plaintiff in error to the effect that, "As a matter of fact, though not a part of the record, counsel for Blackwells know that the trial court overruled Mc-Morrine's motion for a reason which it would not state into the record."

The citations of cases concerning the duties of clients after withdrawal of their attorney do not here concern us for the reason that in the instant case there is not the slightest showing that McMorrine ever knew that he was without representation in court at all times, and it follows, of course, that he was not called upon to protect himself against something that he did not know existed. The thing that he should have been advised about was kept within the bosoms of counsel and the trial court. His ignorance — not of his own making — of the factual situation excuses him from what, in effect, was a default resulting in a judgment. He had no notice of the withdrawal of the attorney. He was ignorant of the fact that he had no representation in court and, of course, he cannot be charged with neglecting to give attention to something that he knew nothing about. He had complied with the requirements of our Rules of Civil Procedure in seeking relief from an unjust judgment. Errors and mistakes in the first instance are allowed for, but there is no room for allowance in not correcting such errors or mistakes when timely called to the attention of the court.

Ample reasons herein appear to support a reversal of the judgment against McMorrine; however, other reasons appear of record which require no discussion, particularly the fact of estoppel and laches. The Blackwells attended the construction of the building;

approved the bills; accepted the job when completed; signed a release therefor; entered into occupancy; and were thereby estopped from maintaining an action for faulty construction; then remained silent for a period of between five and six years and permitted laches to overtake them.

The judgment against McMorrine in case No. 17,579 is reversed, and the judgment in favor of Midland Federal Savings and Loan Association in case No. 17,578 is affirmed, for the reasons hereinbefore set out.

MR. JUSTICE MOORE concurs in the result.

MR. JUSTICE MOORE specially concurring.

Although I agree that the opinion of the Court in this case reaches a correct result, I cannot concur in the language employed to reach that result.

The issue in this case is not whether the trial court was "at fault" to a degree that the Judge of the court should be chastized or rebuked in a manner which ill becomes this appellate tribunal. The issue involved does not require a finding by this Court that a member of the Bar of this state was guilty of gross neglect of his client's business, or that "error of court was confounded by the improper practice of counsel."

If a member of the Bar of this state is to be severely rebuked it should be done only in a proceeding where the issue is whether his conduct has been such as to warrant that action. In that proceeding he would be given a hearing and an opportunity would be presented for him to defend himself. It is entirely possible that if the attorney rebuked by the opinion in this case had been afforded an opportunity to be heard before being reprimanded by this Court (as the opinion very clearly does), an entirely different version of his "fault" might be shown. Mr. Sterling has been a reputable member of the Bar of this state for many years, and by this opinion he

52

has been subjected to a rebuke without a hearing and without notice of any kind.

The critical inferences contained in the opinion, directed at the conduct of the trial judge, are unwarranted and unjustified by the record in this case. One of our basic principles is that a court should afford a full and fair hearing before passing judgment upon human conduct. The record before us records the fact that Mr. Sterling has had no hearing, and this Court has no right to assume that the record in a case to which he was not a party contains all that might be said in his behalf.