## No. 17,982.

In re: Petition of Samuel H. Sterling, Esq.

(301 P. [2d] 346)

Mr. Samuel H. Sterling, pro se.

Mr. Arthur S. Bowman, Mr. Lennart T. Erickson, for Sam McMorrine, et al.

On June 20, 1955, an opinion of this court was announced in the case of *McMorrine v. Blackwell, Jr.,* 132 Colo. 45, 284 P. (2d) 1060, in which some criticism was leveled against Samuel H. Sterling, a member in good standing of the bar of the State of Colorado. He was not a party to the action, nor counsel therein, but had been former counsel for the McMorrines. Mr. Sterling took exception to the criticism and on July 1, 1955, filed a petition in which he prayed for exoneration.

His petition was duly presented to the court en banc and your referee was appointed with full authority to conduct such hearings as might be necessary in connection with the petition filed.

On December 6, 1955, the matter came on for hearing before your referee at which Samuel H. Sterling appeared in his own behalf and Arthur S. Bowman and Lennart T. Erickson appeared in behalf of the McMorrines. At this hearing, and a continuance thereof, all parties, including the attorneys and McMorrine and his wife, were sworn as witnesses. Strict rules of procedure were not followed in order that everyone interested might relate what happened in his own way.

The facts upon which the criticism was made are set out in full in the opinion heretofore referred to, and from the facts as presented by the record at that time, the criticism was admittedly justified; however, upon the hearing before your referee it is apparent that plain-

tiffs in error, for self-serving purposes and to obtain relief from a sizable judgment, were ready to place the blame, and stand by it, on Sterling, who had been their faithful servant. Sterling testified as to attempted telephone conversations and word that he had left by telephone with the McMorrines and introduced copies of letters in sequence covering the period involved, and disclosed that he gave full notice of his withdrawal as attorney of record before the default judgment was obtained. Some of the letters were registered with his name and return address on the envelope, which were refused. The McMorrines denied receiving the other letters, copies of which Sterling identified and introduced in evidence.

The McMorrines claim that they had no notice of his withdrawal and knew nothing about what was going on in the lawsuit until they were cited to appear in supplemental proceedings on the judgment. They could give no explanation why at that time they did not contact Sterling, whom they claimed to be their attorney, but on the contrary went to and employed present counsel. If the defense relied upon by the McMorrines to set aside the judgment was of their own creation, it must be said that they are not novices in such matters. Your referee is inclined to believe that someone has been reckless with the truth in this matter and it has not been Mr. Sterling, and the criticism of him contained in the opinion, although warranted by the record as made at that time, is now found, after this further hearing, to be unjustified. It is the recommendation of your referee that if this report is accepted by the Court that it be published in our reports in all fairness to petitioner.

E. V. HOLLAND
Referee

The foregoing report and the recommendation of the referee having been considered by the Court en banc is hereby approved and adopted May 21, 1956, and ordered published in the official reports.