No. 18,473.

DOROTHY PEARSON *v*. ROLAND LEROY PEARSON.
(347 P. [2d] 779)

Decided December 21, 1959.

Mr. RICHARD E. CONOUR, Mrs. ELIZABETH A. CONOUR, for plaintiff in error.

Mr. WHITFORD W. MYERS, Messrs. MOSES & DESOUCHET, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error appeared in the trial court in inverse order of their appearance here. We shall refer to them as they there appeared, or as husband and wife.

The wife instituted a divorce action against the husband; he filed a cross-complaint in which he sought a divorce from her. On trial pursuant to a jury verdict an interlocutory decree of divorce in favor of the husband was entered on August 21, 1957. In this decree, agreeable to stipulation of the parties, the sole custody and control of the three minor children of the parties was awarded to plaintiff, wife in the original divorce action, subject to reasonable visitation rights of defendant.

On September 4, 1957, defendant filed a motion to modify the interlocutory decree alleging that since about April 24, 1957, his efforts to visit his children had been thwarted by plaintiff and that defendant had been unable to contact or find said children. He prayed that the interlocutory decree be modified so as to provide that defendant be notified at all times concerning the whereabouts of the children and that they be made available on Saturday and Sunday of each week for visitation by their father, as well as on the birthday of each child and on holidays, and that during a period of two months during the summer defendant have their care and custody. He further asked that the children not be removed from Gunnison or Center, Colorado, without authority of the court.

Notice of this motion was served on plaintiff's counsel who moved the court for a continuance of the hearing thereon because no service of the citation had been served on plaintiff and that her counsel do not "presently know her whereabouts so that she can be notified of the pendency" of the proceeding. It was set forth that on August 31, 1957, plaintiff departed Gunnison, Colorado, where she had been residing, "leaving a note stating that she was leaving and not to try to find her." Hearing on the motion was continued to September 18, 1957, on which date evidence was taken and the interlocutory decree was modified so as to award custody of the three minor children six years, four years, and two years respectively, to defendant. The previously entered orders for support of the minor children were vacated and the trial court awarded counsel for plaintiff the sum of $75.00 as fees in connection with the instant proceeding.

On September 11, 1957, one of the days when the matter was before the court, the trial judge stated: "There is a situation here she is apparently ignorant of or is wilfully disregarding and that is that the state of Colorado, through this court, is a party to this proceeding

with respect to the custody and welfare of those children * * *. It is a most serious situation. And as I say she is probably ignorant of that or is wilfully attempting to flout the decree of court and to ignore the jurisdiction of the Court. The fact remains, gentlemen, that throughout this entire proceeding there has been a studied effort upon the part of the plaintiff here to prevent the defendant from seeing these children."

At the hearing on September 18, 1957, defendant testified concerning his efforts to visit his children and his inability to locate them, and that they had probably been removed from the State of Colorado. With reference to defendant's request that he be awarded the custody of the children for two months during the summer he testified that he resided in Utah; had no home of his own in which they could be cared for and that a preacher residing in Blanding, Utah, had told him he would be happy to care for the children until the latter could build a home or establish a home of his own. Defendant testified that this minister had eight of his children residing with him, and was in a poor financial condition. Other witnesses testified that the whereabouts of plaintiff and the children were unknown to them; that she left Gunnison taking her clothing and the children and their clothing, and her whereabouts and that of the children were still unknown at the time of the hearing. This was all the evidence adduced at the hearing which resulted in the modification of the decree granting defendant custody of the children. From this order plaintiff's counsel bring the case here on writ of error contending: (1) that notice of the hearing to modify the decree was served on plaintiff's counsel, and that they no longer represented her, hence it is argued that no valid notice was given plaintiff; (2) that the modification order is contrary to and not supported by competent evidence to justify its entry.

A case in point is that of *Reynolds v. Reynolds*, 21 Cal. 580, 134 P. (2d) 251, wherein a final decree of divorce

with an award for child support was entered by a California court in 1934. In 1940 the former wife applied for an increase of the award. Her attorney mailed to the husband's attorneys an order to show cause and notice of motion for the modification. Attorneys for husband, by way of special appearance, objected to the jurisdiction of the court, inter alia, on the ground that his attorney in the divorce proceeding had not been counsel for him for more than three years, and that service by mail upon the attorney was ineffective. The objections were overruled by the trial court and the order increasing support money was affirmed by the supreme court of California. The supreme court relied on Section 1015 of the Code of Civil Procedure which in part reads, "But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party," and concluded that a party cannot avoid such jurisdiction by discharging his attorney and moving out of the state.

Rule 5 (b) (1) of the Colorado Rules of Civil Procedure reads in part:

"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court."

This language is virtually identical to that of Section 1015 of the California Code, supra. In *Reynolds v. Reynolds*, supra, the California court held:

"A client may of course discharge his attorney at any time, * * *, but during the course of a proceeding service of papers on the attorney of record, where service upon the attorney is proper, binds the client until the attorney is discharged or substituted out of the case in the manner provided by law (citing cases). The court is concerned in such cases not with whether the client is represented by an attorney, but whether he has an attorney of record, whether any change of attorneys has been

made as provided in section 284 of the Code of Civil Procedure, and whether notice thereof has been given as provided in Section 285 of that code. The authority of an attorney, however, ordinarily ends with the entry of judgment, except for the purpose of enforcing it or having it set aside or reversed. \* \* \* *Nevertheless the judgment of divorce insofar as it relates to the custody and maintenance of minor children is not final. As to those matters the litigation must be regarded as still pending, (citing cases), and the provisions of Section 1015 apply as well after as before the entry of the judgment."* (Emphasis supplied.)

█ See, also, *Massimino v. Massimino,* 5 Misc. (2nd) 1041, 162 N.Y.S. (2d) 646, where it was held that service of notice on counsel who during the trial represented a party and within a two weeks period after the interlocutory decree was entered, was sought and found valid, notwithstanding the contention of counsel that they no longer represented the party against whom the modification was requested. It was there held that a divorce is not final until the period specified in the interlocutory decree has elapsed, hence the notice to counsel was sufficient. In Colorado under C.R.S. '53, 46-1-10, the decree is not final. We, therefore, hold that service of notice of the hearing on the modification of the interlocutory decree on plaintiff's counsel was valid.

█ There was no evidence offered at the hearing which justified the court in awarding custody of the children to defendant. There was no evidence that a change of custody would serve the best interests of the children, nor was there evidence that plaintiff was not a fit and proper person to have custody of these minor children. The husband had no home in which to care for the children and suggested they be taken out of the state to be cared for in the home of a stranger and among several other children.

In *Hayes v. Hayes,* 134 Colo. 315, 303 P. (2d) 238, this court said:

"It is generally held that courts will not deprive the mother of the custody of her children of tender years, unless it is clearly shown that she is so unfit a person as to endanger the welfare of the minors. In *Averch v. Averch,* supra (104 Colo. 365, 90 P. (2d) 964), we said: 'It is the universal opinion that a mother's love, care and affection for a child of tender years are the most unselfish factors in human relations, and that the child is not to be deprived thereof unless for a very good reason, founded on lack of moral fitness and proper home surroundings.' "

It is apparent from the record that plaintiff, after the entry of an interlocutory decree of divorce in favor of defendant, in reprisal sought to prevent defendant from visiting the children by hiding them and secreting their whereabouts. Her actions cannot be justified and are certainly not to be condoned, and could subject her to punishment for contempt of court. However, this alone, unaccompanied by other evidence, does not constitute sufficient grounds for a change in custody of the children. The trial judge, however, overemphasized this very conduct by stating at the outset of the trial:

"The fact remains, gentlemen, that throughout this entire proceeding there has been a studied effort upon the part of the plaintiff here to prevent the defendant from seeing those children."

The court will not interfere with the orders of a trial court in custodial matters unless a clear abuse of discretion is shown. *Anderson v. Anderson,* 124 Colo. 74, 234 P. (2d) 903. The principal issue before the courts in cases of this nature is the welfare of the children. To that welfare the rights and personal desires of the parents are subservient. However, the trial court abused its discretion in awarding custody of these minor children to the father when his motion did not ask therefor, and no evidence was offered showing the mother to be unfit or that the welfare of the children demand a change in custody. The trial court erred in using a cus-

todial change to punish the mother for her unjustified actions.

The judgment modifying the decree is reversed.