No. 20,090.

JEAN F. HOLLAND *v.* ROBERT E. HOLLAND.
(373 P. [2d] 523)

Decided July 23, 1962.

Mr. LAWRENCE A. LONG, Mr. WILLIAM V. WEBB, for plaintiff in error.

Mr. ROBERT D. MEANS, Mr. ALLEN W. BROADSTREET, Mr. H. A. NIKKEL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in the same order in which they were aligned in the trial court. They are the parents of a minor child named Ann Eldridge Holland, whose custody in a divorce proceeding between the parties litigant was awarded to the mother with the proviso that the child should not be removed from the State of Colorado without the consent of both father and mother or a written order of the trial court. Ann is five years of age. We will refer to plaintiff in error as "mother" or by name and to defendant in error as "father," or by name.

From an order denying the mother the right to take Ann to Spain, and an order of the trial court changing custody of Ann to the father, Mrs. Holland brings error.

On August 22, 1961, the mother filed her motion for leave to go to Spain for a year and take Ann with her. This motion was resisted. Present counsel for Mrs. Holland filed this motion, and were then superseded by a Mr. Gerash as counsel for the mother.

On hearing of the mother's petition it developed that she had made all her plans to depart for Spain. She testified that she intended to study Russian, Spanish and French while residing in Spain with the eventual goal of utilizing foreign languages to make a living, and that she could live more cheaply in that country. She also testified in part: "Well, I feel that I will certainly be a happy person, in a very happy frame of mind, because I will be removed from the unhappy influences and pressure I have been subjected to here in Denver for the past good many years which went on even prior to my divorce, and I feel that when a child is with a happy mother it certainly reflects the same mood."

The trial court manifested extreme patience in hearing the testimony in support of the mother's petition and displayed a keen interest in the proceeding, endeavoring to get all the facts pertaining to the welfare

of Ann. Following the hearing and on September 8, 1961, the court denied Mrs. Holland permission to take Ann to Spain, finding that it was to the best interest of the child to remain within the United States and that it would be detrimental to the best interest of the child to remove it from this country. Nevertheless, and in spite of the court's order, within a comparatively few hours after the petition was denied, Mrs. Holland took Ann to Spain where she is still residing.

The matter now before us involves a hearing held on October 25, 1961, which resulted from the filing of various motions, copies of which do not appear in the record. From the orders entered on the latter date we learn that Mrs. Holland's attorney, Mr. Gerash, sought to withdraw from the case; that Mr. Holland, who appeared with counsel, sought to impose a lien on certain realty of Mrs. Holland and otherwise enforce his claims and the court's authority; and in addition Mr. Holland was on that date granted sole care and custody of the child. The lien matter was denied and certain other relief sought was ordered held in abeyance. As to whether Mr. Gerash should have been allowed to withdraw as counsel the trial judge after hearing counsel's reasons denied the motion on the ground that Mr. Gerash had earlier entered a general appearance. Counsel's position in the matter was that he had appeared just for the hearing on the motion to take Ann to Spain and that his client had discharged him immediately after the hearing.

We find no error in the court's action in denying Mr. Gerash leave to withdraw. The record shows his general appearance and it was within the discretion of the trial court as to whether his motion should have been granted. We find no abuse of that discretion in this record. With Mrs. Holland in Spain, if she were without counsel here, the trial court would be handicapped in its efforts to make proper orders in the interest of the minor child, whose welfare is the paramount consideration in this case.

The record does disclose that Mr. Holland is a fit person to have custody and that when Ann was some two years of age Mrs. Holland took an extended trip to the South Seas, leaving the child with Mr. Holland who took good care of Ann. It also appears that Mr. Holland has remarried and has a suitable home for the care of the child.

There is competent evidence in the record to support the trial court's findings that it would not be to the best interests of Ann to be taken to Spain and that the child's residence there might be detrimental to the little girl and her best welfare. Also the record contains competent evidence which sustains the finding giving Ann's custody to the father.

We content ourselves with the citation of two authorities to sustain the action of the trial judge.

"Where the one parent's conduct, as by the actual or threatened removal of the child from the jurisdiction of the court, is such as to deprive the other parent of his right of access to the child as granted by the decree, such fact is good ground for a motion to modify. In other words, where the one parent acts in disregard of the decree so as to deny the other parent the rights he has under it, the court is not limited to mere punitive measures, but may modify the decree in such a way as to insure the carrying out of those provisions which it conceives to be for the best interests of the child. Olson v. Olson, Mo. App., 184 S.W. 2d 768; Shepard v. Shepard, Mo. App., 194 S.W. 2d 319." *Green v. Perr,* (Mo. App.), 238 S.W. (2d) 924 (1951).

In *McGonigle v. McGonigle,* 112 Colo. 569, 151 P. (2d) 977 (1944), it was said:

"Where the custody of a child is awarded in a divorce proceeding, the child becomes the ward of the court, and it is against the policy of the law to permit its removal to another jurisdiction unless its well-being and future welfare would be better subserved thereby."

Here we have an intelligent, well educated mother,

ambitious to study foreign languages, anxious to travel and headstrong enough to defy the court order denying her the right to take Ann to Spain. She has acted regardless of the rights of the father and has placed her ideas of what is best for the child's welfare over the considered judgment of the trial court. We have read many records concerning child custody matters, but have rarely seen one in which the trial judge listened with greater patience and weighed the welfare of the minor child with greater care than the record before us.

■ In conclusion we note that a change of custody should not be awarded as punishment for a parent's unwarranted acts, for the best interest of the child is paramount. *Pearson v. Pearson*, 141 Colo. 336, 347 P. (2d) 779 (1959). We do not find in this record any such propensity to punish on the part of the trial court. However, when a parent shows little or no regard for the legitimate order of a court relating to custody, that fact is certainly one factor for the court to weigh in considering suitability of who shall have custody of a child along with other facts such as the consequences of removal to a foreign jurisdiction. *Green,* supra. This is true no matter how laudable the desire of the offending parent.

The order placing custody and control of Ann Eldridge Holland, the minor child, in her father Robert E. Holland is hereby affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE HALL concur.