Opinion by
Mr. Justice Sutton.
This is a writ of error directed to a proceeding involving the custody of a minor child of divorced parents. We shall refer to Plaintiff in Error Shirley Heckel as “Shirley” and Defendant in Error Richard Heckel as “Richard.”
The question to be decided is whether the trial court abused its discretion in changing the custody of Michele, who was then eight years of age, from Shirley to Richard because the former had removed the child from Colorado to New York in violation of a court order.
We are constrained to answer this question in the affirmative. In the instant case, Shirley remarried and her new husband secured a job as a school principal in New York State. The trial court, however, when petitioned to allow Michele to accompany her mother and stepfather denied the request, even though this record shows that it probably would have been in the best interests of the child to have granted the request. Subsequently, Shirley illegally took her daughter to New York where she remains at this time.
Richard petitioned for change of custody because of Shirley’s act in removing Michele from Colorado and the consequent denial of his visitation rights. On January 10, 1963, the trial court found Shirley in contempt (in absentia though she was represented by counsel), fixed her punishment, and ordered the change of custody to Richard saying:
“That this plaintiff (Shirley) has failed and refused to comply with the orders entered * * * in compliance with the visitation rights of this defendant, that she has *22 deliberately left the jurisdiction of the Court, has failed to comply with the orders of the Court by permitting [sic] this father to visit the child. That in itself is a change of condition which authorizes and directs this Court to change custody of this child to the father.” (Emphasis supplied.)
We note that no error is claimed as to Shirley’s conviction for contempt; it remains in full force and effect. It also should be noted that no finding was made that there was any change of circumstances affecting the child; or, that it was to the best interests of Michele to have her custody awarded to her father. And, it should be further noted, that Shirley has a suitable environment for her child without working herself. On the other hand, on cross-examination under the statute, at one hearing, Richard testified that he then lived in a duplex with another man; that he himself had once taken the child to Missouri when Michele visited him; and, at the contempt hearing, he testified that he proposed to move in with his uncle and aunt in Jefferson County, Colorado, if he received custody of his daughter, and that these elderly people would care for the child while he worked.
In Holland v. Holland, 150 Colo. 442, 373 P.2d 523 (1962), the trial court ordered custody changed from the mother to the father where the latter had a suitable place to take care of the child and the mother illegally took the child to Spain to live. We there cautioned, however, that even though a court may modify an earlier decree in such a way as to insure the carrying out of those provisions which it conceives to be for the best interests of the child, and that violation of a decree is a good ground to file a motion to modify, that nevertheless “a change of custody should not be awarded as punishment for a parent’s unwarranted acts, for the best interest of the child is paramount.” We cited Pearson v. Pearson, 141 Colo. 336, 347 P.2d 779 (1959), *23 in Holland for this proposition and we again reaffirm that statement here.
In the instant case we have read the entire record and discover no findings that would justify the change of custody award as made. Obviously the order was granted solely as further punishment for Shirley in addition to the decreed punishment for contempt, all without considering the best interests of Michele.
Without condoning the act of the mother, but based upon the record in this case, we conclude that the judgment awarding the change of custody must be vacated.
It is so ordered.
Mr. Justice Moore and Mr. Justice Day concur.