619 P.2d 765 (1980)
Ellis J. SOBOL and Zuckerman & Sobol, P. C., Petitioners,
v.
DISTRICT COURT OF ARAPAHOE COUNTY, and the Honorable Neil Horan, one of the judges thereof, and Helen M. Sterling, individually, Helen M. Sterling as Administratrix C.T.A. of the Estate of Ernst H. Sterling, Deceased, Respondents.
No. 80SA322.
Supreme Court of Colorado, En Banc.
November 17, 1980.
*766 Zuckerman & Sobol, P. C., Ellis J. Sobol, Denver, for petitioners.
Neil Horan, Judge, Littleton, pro se.
Helen M. Sterling, pro se.
ROVIRA, Justice.
Ellis J. Sobol and the law firm of Zuckerman & Sobol, P. C., petitioners, filed this original proceeding pursuant to C.A.R. 21, seeking relief in the nature of prohibition and a stay of proceedings. The petitioners ask that we order the respondent trial court to reverse a ruling denying their motion for leave to withdraw as counsel for Helen M. Sterling, individually, and Helen M. Sterling, as administratrix c. t. a. of the Estate of Ernst H. Sterling, deceased (Sterling), in Civil Action No. 79CV828, in the District Court in and for Arapahoe County.
We issued our rule to show cause. The respondent district court and Sterling have filed their answer, and, having considered the merits thereof, we now make the rule absolute.
Several years ago, the petitioners were retained by Sterling to represent her in her capacity as the administratrix c. t. a. of the estate of her deceased husband. Subsequently she requested petitioners to initiate a civil action against the law firm of Simon, Eason, Hoyt & Malone. The petitioners agreed to undertake such representation and, from what appears in the record before us, a contingent fee agreement was entered into between the parties.
*767 The petitioners filed an action against the law firm in the district court of Arapahoe County (case 79CV828), and this case was ultimately set for trial to a jury commencing September 29, 1980.
During the course of the representation by petitioners of Sterling in case 79CV828, certain disputes and disagreements arose. Petitioners argue that Sterling was uncooperative, critical of their handling of the litigation, deliberately withheld material information, repeatedly contacted the attorney for the defendants, and has made effective representation impossible.
Sterling has denied responsibility for these disputes and disagreements and has rejected petitioners' characterization of their dealings with one another. She claims that she is entitled to be represented by petitioners because a contingent fee agreement had been agreed to and because she has not been able to secure the services of other counsel. Nevertheless, aside from the question of responsibility, Sterling does not deny the seriousness of the various conflicts that have arisen in their attorney-client relationship.
On November 30, 1979, ten months before case 79CV828 was scheduled to go to trial, petitioners filed motion for leave to withdraw as counsel. After a hearing on February 7, 1980, the respondent trial court granted the motion and gave Sterling thirty days to obtain new counsel. She filed pro se a Motion for Rehearing, and, on April 4, 1980, the trial court affirmed its prior ruling, but further ordered the petitioners to use their best efforts in assisting Sterling to find other counsel and report back to the court within ninety days.
On July 7, 1980, another hearing was held, and the respondent trial court was advised by both petitioners and Sterling that new counsel had not been obtained. Although recognizing an obvious antagonistic relationship between the petitioners and Sterling and the handicap this presented in preparation of the case at issue, the court held that Sterling would be even more prejudiced if she were required to appear pro se. The court, therefore, reversed its prior decision and denied petitioners' motion for leave to withdraw.

I.
The question of whether an attorney should be permitted to withdraw his general appearance on behalf of a litigant in a civil case is, under ordinary circumstances, within the discretion of the trial court; and its decision will not be reversed unless this discretion has been demonstrably abused. Holland v. Holland, 150 Colo. 442, 373 P.2d 523 (1962); Phoenix Mutual Life Insurance Co. v. Radcliffe on Delaware, Inc., 439 Pa. 159, 266 A.2d 698 (1970). As a general rule, an attorney who undertakes to conduct an action impliedly agrees that he will pursue it to some conclusion; and he is not free to abandon it without reasonable cause. Riley v. District Court, 181 Colo. 90, 507 P.2d 464 (1973). See Code of Professional Responsibility, C.R.C.P. Appendix C, Canon 2, DR 2-110(C)(1). Even where cause may exist, the attorney's withdrawal must be undertaken in a proper manner, duly protective of his client's rights and liabilities. Blackwell v. Midland Federal Savings, 132 Colo. 45, 284 P.2d 1060 (1955). See Code of Professional Responsibility, supra, DR 2-110(A)(2).
The court's inherent power to require an attorney to appear derives from its responsibility to conduct its business efficiently, effectively, and fairly. See Fisher v. State, 248 So.2d 479 (Fla.1971). However, in some cases a court abuses its discretion in failing to permit an attorney's withdrawal from his client's case. See Allen v. District Court, 184 Colo. 202, 519 P.2d 351 (1974) (genuine conflicts of interest justify counsel's withdrawal by right). We find that such an abuse occurred here when, on July 7, 1980, the court ordered petitioners to represent Sterling in case 79CV828.
Implicit in the court's order of February 7, 1980, was the finding that the mutual antagonism which existed between lawyers and client was so intense that it rendered it unreasonably difficult for petitioners to carry out their employment effectively. *768 See Code of Professional Responsibility, supra, DR 2-110(C)(1)(d). Notice of petitioners' intent to withdraw had been formally given to Sterling on November 30, 1979, ten months before case 79CV828 was scheduled for trial, when petitioners filed motion for leave to withdraw. Sterling had previously been made informally aware of petitioners' intention. There were no special or unusual circumstances of which the court was made aware at the February 7 hearing that would have justified a refusal to grant petitioners' motion. Cf. Holland v. Holland, supra. The client had ample time to procure new counsel to handle case 79CV828. When the court granted petitioners' motion, this responsibility became the client's.
There was nothing in the court's order of February 7 which was unfair. Indeed, given the apparent degree of hostility between the parties, the motion would have been improperly denied.
Petitioners were scrupulous in their efforts to find alternative counsel, and conscientiously assisted Sterling and the trial court in this process after the motion to withdraw was granted. Even after February 7, 1980, Sterling had sufficient time and opportunity before her trial date to secure representation but, for a variety of reasons which do not concern us on this appeal, was unable to do so. The trial court was rightfully concerned that Sterling's lack of legal representation might prejudice her ability to litigate case 79CV828. But Sterling had and continues to have primary responsibility for solving this problem. By the time the trial court reversed its ruling to permit withdrawal at the hearing on July 7, 1980, nothing in the dealings between Sterling and the petitioner had improved and, if anything, their mutual lack of confidence and mistrust had deepened. The court, therefore, abused its discretion in ordering petitioners to reenter a relationship which had already been properly severed.
Our rule to show cause is made absolute.
LEE, J., does not participate.