J. W. THOMAS and Jane Thomas, Plaintiffs-Appellees,

v.

NATIONAL STATE BANK, personal representative of the Estate of Gabor Cseh, Deceased, and Eva Cseh, Front Range Construction Company, and Front Range Construction Company, a Colorado corporation, Defendants-Appellants.

No. 80CA0030.

Colorado Court of Appeals, Div. I.

April 30, 1981.

ant Gabor Cseh leave to act as co-counsel in the trial or to permit his counsel to withdraw and let him proceed *pro se*, and (2) in basing one of its findings of fact in part on the court's viewing of the premises.

### I.

Trial was had to the court and lasted three days. On the third day defendant Gabor Cseh asked that he be allowed personally to examine the witnesses. The court denied this request, and then the defendants' attorney asked that he be allowed to withdraw because of Mr. Cseh's dissatisfaction with the attorney's work. This motion was also denied.

■ It has generally been held that in civil cases a party who is not a lawyer has no fundamental right to appear *pro se* and at the same time be represented by counsel. *Brasier v. Jeary*, 256 F.2d 474, 67 A.L.R.2d 1096 (8th Cir. 1958), *cert. denied*, 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99; *Daley v. County of Butte*, 227 Cal.App.2d 380, 38 Cal.Rptr. 693 (1964); *Sterns v. Stevans*, 20 Misc.2d 417, 194 N.Y.S.2d 367 (1959). We agree with this rule.

■ The granting or denial of a motion by an attorney to withdraw is within the sound discretion of the trial court. *Holland v. Holland*, 150 Colo. 442, 373 P.2d 523 (1962). When such a motion is filed, the trial court must conduct a hearing to determine if the client's rights would be jeopardized by a denial of the motion. *See Allen v. District Court*, 184 Colo. 202, 519 P.2d 351 (1974). If the client's rights are not materially infringed and the trial court would be handicapped in its handling of the action by the withdrawal of the attorney, it is not an abuse of discretion to deny the motion. *Holland, supra.*

■ The trial court conducted a hearing, found that the attorney's representation was thorough, and that the attorney's withdrawal would be prejudicial to all parties. These findings are supported by the record. Further, the record discloses that following

Weltzer & Worstell, Louis A. Weltzer, Denver, for plaintiffs-appellees.

Chrisman, Bynum & Johnson, P. C., Marvin B. Woolf, Boulder, for defendants-appellants.

SILVERSTEIN,* Judge.

Defendants appeal from a judgment awarding damages to plaintiffs for breach of implied warranties and negligence in the construction of a house. We affirm.

As grounds for reversal defendants assert the trial court erred (1) in denying defend-

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1980 Cum.Supp.).

the ruling only two witnesses, defendant Gabor Cseh and one of his experts, remained to be examined. Also, the trial court noted that two previous attorneys had withdrawn from representing the defendants, and for the third attorney to withdraw at the final day of trial would unnecessarily delay the proceeding. Under these circumstances, we find no abuse of discretion.

### II.

 Defendants requested that the trial judge view the premises. Plaintiffs did not object. After the parties rested, the court announced that it would visit the premises alone. There was no objection. In its findings the court supported a finding by stating: "This is apparent both from the topographical map [introduced in evidence by defendants] and from a view of the premises which the court made ..." Under these circumstances, defendants' argument concerning the court's reliance on its view of the premises is without merit. *Taylor v. Melton,* 130 Colo. 280, 274 P.2d 977 (1954); *see Medano Ditch Co. v. Adams,* 29 Colo. 317, 68 P. 431 (1902).

Judgment affirmed.

ENOCH, C. J., and COYTE, J., concur.