Sharyn ASHLOCK, n/k/a Sharyn Alden, Petitioner,

v.

DISTRICT COURT, FIFTH JUDICIAL DISTRICT, Colorado and Honorable William Jones, Chief Judge thereof, Respondents.

No. 85SA433.

Supreme Court of Colorado, En Banc.

April 7, 1986.

Rehearing Denied May 5, 1986.

Jeanne Elliott, Sherman & Howard, Mary J. Kelly, Denver, for petitioner.

J. Bruce Teichman, Denver, for respondents.

Law Office of Stephen J. Harhai, Stephen J. Harhai, Denver, for amicus curiae, American Civil Liberties Union.

ERICKSON, Justice.

In this original proceeding, petitioner contends that the respondent district court abused its discretion and exceeded its jurisdiction in ordering a temporary change of custody of petitioner's minor child and in finding petitioner in contempt for failing to comply with the court's order. We issued a rule to show cause and now make the rule absolute.

The marriage of Sharyn Ashlock (petitioner or mother) and Rex Ashlock (father) was dissolved in a decree issued by the

respondent district court in August 1982. The mother was awarded permanent custody of the couple's three-year-old child, Orin Ashlock (child), pursuant to a custody agreement which was approved by the district court in February 1983. Under the custody agreement, the father was entitled to visitation, and neither parent was permitted to remove the child from Colorado without prior notification of the other parent.

In a letter dated February 26, 1985, the mother advised the respondent district court that she was leaving Colorado with the child to establish a new home in Illinois. The mother stated in her letter that she felt compelled to leave the state because of continual harassment by the father and because of the violent and destructive atmosphere the child was exposed to during visitation with the father. The mother included inthe letter an Illinois address where she could be contacted. On February 28, 1985, the father filed a handwritten "motion for contempt citation" alleging that the mother had removed the child from Colorado in violation of the custody agreement. In his motion, the father requested temporary custody of the child. The mother was not served with a copy of the father's motion and did not receive notice of the hearing. Consequently, she was not present or represented at the hearing on March 7. Nevertheless, the respondent district court, after receiving the testimony of the father, entered an order modifying the original custody agreement and transferring custody of the child to the father on a temporary basis.

The mother did not return the child to Colorado but instead filed a motion to vacate the custody modification in July 1985. Following a hearing on November 4, 1985, at which both the mother and father were present, the respondent district court denied the motion and found the mother in contempt for failing to comply with the court's previous order. The court ordered the mother to purge herself of the contempt by returning the child to Colorado and transferring temporary custody to the father or, if the father's home was not safe, by placing the child in the custody of the Department of Social Services and disclosing his address and telephone number to the father. This original proceeding followed.

A party seeking modification of a custody decree is required to submit an affidavit setting forth facts in support of the requested modification. § 14–10–132, 6 C.R.S. (1985 Supp.). Notice of the motion and a copy of the affidavit must be served on the custodial parent, who may file an opposing affidavit. *Id.* Under section 14–10–132, "[t]he court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing...."

There is no evidence in the limited and sketchy record before us indicating that the mother was given notice of the father's motion for temporary custody. Nor did the father file in the district court or serve on the mother a supporting affidavit, as required by section 14–10–132. Despite these procedural defects, the respondent district court entered an order granting the father temporary custody of the child on March 7, 1985. An *ex parte* order changing the custody of a child without notice to the custodial parent is a clear violation of due process and is therefore void. *Olson v. Priest*, 193 Colo. 222, 564 P.2d 122 (1977); *Parker v. Parker*, 142 Colo. 416, 350 P.2d 1067 (1960).

Equally important, the respondent district court failed to make the necessary findings under section 14–10–131(2), 6 C.R.S. (1973 & 1985 Supp.), prior to modifying its previous custody decree. The statute provides:

The court shall not modify a prior custody decree granting custody to one party unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modifi-

cation is necessary to serve the best interests of the child.

§ 14–10–131(2), 6 C.R.S. (1985 Supp.). Of particular importance to this case, section 14–10–131(2) mandates that the court refuse to disturb the prior custody decree unless:

> (c) The child's present environment endangers his physical health or significantly impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

§ 14–10–131(2)(c), 6 C.R.S. (1973). *See also* § 14–10–124(1.5), 6 C.R.S. (1985 Supp.) (court shall determine custody in accordance with best interests of child). Here, the district court made no finding, either at the March 7 or the November 4 hearing, that changed circumstances made it necessary to modify the original decree in the interests of the child. All we have is the district court's statement at the November 4 hearing that "she [the mother] has violated the Court's order and because of that violation of the Court's order I have ordered that the child should be returned to the father."

■ A change in custody may not be ordered to punish a custodial parent for removing a child from the jurisdiction of the court or for secreting the child to prevent visitation by the other parent. *Holland v. Holland,* 150 Colo. 442, 373 P.2d 523 (1962); *Pearson v. Pearson,* 141 Colo. 336, 347 P.2d 779 (1959). However unjustified the custodial parent's conduct may be, it is still incumbent upon the noncustodial parent to demonstrate that changed circumstances make a transfer of custody necessary to serve the best interests of the child. *Deines v. Deines,* 157 Colo. 363, 402 P.2d 602 (1965). Because no such showing was made in this case, the respondent district court abused its discretion in ordering a change of custody. Accordingly, the order of the court awarding temporary custody of the child to the father is vacated. The judgment of contempt based on the mother's refusal to transfer the child to the father is reversed.

The rule to show cause is made absolute.