97 N.J. Super. 23 (1967)
234 A.2d 233
STATE OF NEW JERSEY, RESPONDENT,
v.
GERALD EBINGER, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1967.
Decided September 28, 1967.
*24 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Alan R. Schmoll argued the cause for appellant (Mr. Blaine E. Capehart, assigned counsel).
Mr. John P. Jehl, Deputy Attorney General and Assistant Prosecutor, argued the cause for respondent (Mr. Albert J. Scarduzio, Deputy Attorney General in Charge, Camden County Prosecutor's Office, attorney).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Defendant Gerald Ebinger was convicted of participation in the armed robbery of the manager of a store in Camden. His sole ground of appeal is that he was denied adequate and effective representation by counsel at trial. The case has the following background.
A two-count indictment charging armed robbery was returned against Thomas J. Clifford, Harry J. Moore, Wayne Schweiger and defendant. Attorney X was retained to represent defendant. This same attorney was also retained by Wayne Schweiger. Clifford and Moore were represented by other counsel.
Originally, all four men pleaded not guilty. However, shortly prior to trial both Clifford and Moore retracted their pleas of not guilty and entered pleas of guilty to the indictment. *25 On the trial date Wayne Schweiger also retracted his plea of not guilty and entered a plea of guilty.
In an affidavit filed on this appeal defendant states that when he learned that Schweiger had changed his plea to guilty he asked his counsel "what it meant in regard to my trial," and "he said that it made no difference as far as my trial was concerned." Ebinger then went on trial as the sole defendant. Clifford, Moore and Schweiger testified as witnesses for the State and named defendant as one of the participants in the armed robbery. All of the State's witnesses, including Schweiger, were cross-examined by defendant's counsel. Defendant was the sole witness in his own behalf. He denied any part in the robbery and claimed he was home in bed when it took place.
In essence, defendant contends that he was denied adequate and effective representation at trial because his attorney was confronted with a clear conflict of interest. On the one hand, he represented defendant who denied participating in the robbery. This required him to use all legal means to discredit the State's witnesses whose testimony implicated defendant. On the other hand, counsel continued to represent Schweiger who had pleaded guilty to the robbery and testified as a witness for the State against defendant. Schweiger was awaiting sentence at the time, and the extent of his cooperation with the State in defendant's trial might well have been a factor in fixing his sentence.
We conclude that the circumstance which developed on Schweiger's plea of guilty and his subsequent testifying as a witness for the State, made counsel's continued representation of both defendant and Schweiger improper. These men, at the time of trial, had substantially conflicting interests, and counsel could not serve the best interests of both of them at the same time.
This issue was involved in United States ex. rel. Platts v. Myers, 253 F. Supp. 23 (E.D. Pa. 1966), where a voluntary defender was assigned to represent three men charged with robbery in the state court. Prior to trial two of the men *26 changed their pleas to guilty and testified as witnesses for the state against the third defendant. (They were not sentenced until after they had testified.) On a habeas corpus proceeding in the United States District Court it was held that defendant had been denied the effective assistance of counsel, the court saying:
"The testimony of the two confederates clearly implicated the relator, but the relator's plea of not guilty clearly indicated his contention that he was not involved in the robbery. The lawyer was thus in a very awkward position. On the one hand his job was to present the best possible case for the petitioner, and this involved the impeachment of his other two clients who were witnesses for the Commonwealth. On the other hand, he also had the task of protecting them. Since the Court had deferred their sentencing until after petitioner's trial, it seems obvious that the severity of their sentences depended in large measure on their testimony against the relator and their general cooperation with the prosecution. If the attorney had succeeded in impeaching these two witnesses for the relator's benefit, he would have destroyed the effectiveness of their testimony and thus vitiated the very factor that would have weighed heavily in their favor when they came up for sentencing. No attorney could have effectively advocated both these positions simultaneously.

* * * * * * * *
The right to counsel is a fundamental right guaranteed by the Constitution of the United States. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It requires more than the mere entry of an appearance by an attorney in behalf of the accused; it requires nothing less than the undivided loyalty of counsel in behalf of his client.

* * * * * * * *
Whether or not prejudice existed, it is sufficient to constitute a violation of the relator's constitutional rights if the lawyer is serving conflicting interests." (at pp. 24-25)
See also Porter v. United States, 298 F.2d 461 (5 Cir. 1962); cf. United States v. Cozzi, 354 F.2d 637 (7 Cir. 1965), certiorari denied 383 U.S. 911, 86 S.Ct. 896, 15 L.Ed.2d 666 (1966).
The State concedes that a conflict of interest did exist and that counsel's continued representation of defendant and Schweiger was improper. It is suggested that we criticize the dual representation but affirm defendant's conviction because *27 no prejudice to defendant has been shown. It is pointed out that Schweiger's testimony was merely cumulative of the testimony given by Clifford and Moore.
We cannot agree. The right to adequate and effective representation by counsel is so fundamental that invocation of it cannot be made to depend on a showing of prejudice. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). See Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Porter v. United States, supra. Moreover, where, as here, a substantial conflict of interest is present, the matter of adequate and effective representation falls into a shadowy area which is almost impossible to probe. We hold that in the circumstances here presented defendant did not have adequate and effective representation at trial in the constitutional sense and that, irrespective of the question of actual prejudice, his conviction cannot stand.
Finally, the State argues that defendant was aware of his counsel's dual representation but made no objection to it and cannot now be heard to complain. This argument also lacks merit. Under the circumstances presented, defendant's discussion with counsel concerning Schweiger's last-minute change of plea cannot reasonably be said to amount to defendant's knowledgeable consent to having counsel continue to represent both him and Schweiger. To be practical, defendant had little or no choice in the matter.
The judgment of conviction herein is reversed and remanded for a new trial.