### No. 25805

**Sidney A. Riley, Rollie R. Rogers and Edward G. Donovan v. The District Court in and for the Second Judicial District of the State of Colorado and Gilbert Alexander, one of the Judges thereof**

(507 P.2d 464)

Decided March 12, 1973.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, William D. Neighbors, Assistant, for petitioners.

Jarvis W. Seccombe, District Attorney, Frederic B. Rodgers, Deputy, Joseph T. Carroll, Deputy, for respondents.

MR. JUSTICE DAY delivered the opinion of the Court.

Petitioners are the defendant Riley in a criminal action in Denver district court and the Public Defender and his Deputy — court-appointed counsel, who seek a writ in the nature of mandamus to require the Denver district court to permit counsel to withdraw and to cease representation of Riley.

Petitioner Sidney A. Riley (hereinafter referred to as Riley) was charged with the crime of first-degree murder for unlawful acts occurring on November 12, 1971. Petitioners Rollie R. Rogers and Edward G. Donovan (hereinafter referred to as Rogers and Donovan) were appointed to defend Riley and have been the only defense counsel in the case. Petitioner Riley entered a plea of not guilty and trial commenced which resulted in a mistrial because the jury could not reach a verdict. Subsequently Riley entered a plea of guilty to the reduced charge of voluntary manslaughter, and a hearing was set to consider defendant's application for probation. At that hearing Riley moved to dismiss his appointed attorneys. Petitioners Rogers and Donovan also moved the court for leave to withdraw. Both motions were

denied. The court was advised that petitioner Riley wished leave to change his plea of guilty to the charge of voluntary manslaughter to not guilty. Ruling on this has been delayed pending disposition of this proceeding.

All petitioners have asked this court to issue an order commanding respondent District Court to permit the Public Defender to withdraw as counsel for Riley and to order appointment of other counsel to represent Riley in any further proceedings dealing with his motion to withdraw his guilty plea.

As a general statement, an attorney who undertakes to conduct an action impliedly stipulates that he will prosecute it to a conclusion. He is not at liberty to abandon the suit without reasonable cause. Furthermore, an indigent defendant cannot dismiss appointed counsel without permission of the court. Likewise, counsel for an indigent defendant cannot withdraw without permission. Although never explicitly stated by this court, it seems to be the well-stated rule of law that motions for withdrawal of counsel are addressed to the discretion of the court and will not be reversed unless clear error or abuse is shown. We agree with those statements contained in *People v. Wolff,* 19 Ill. 2d 318, 167 N.E.2d 197, wherein it was said:

"* * * A motion by an attorney for leave to withdraw for any reason is addressed to the sound discretion of the court and, like all motions, it may or may not be meritorious. For that reason, a burden rests with the moving party to prove to the court's satisfaction the legitimacy of the request, and when the petitioner either fails or refuses to do so, the court may properly deny the motion. * * *"

*Smith v. United States,* 122 U.S. App. D.C. 300, 353 F.2d 838; *State v. Avery,* 255 S.C. 570, 180 S.E.2d 190. *See also Martinez v. People,* 173 Colo. 515, 480 P.2d 843; *Altobella v. Priest,* 153 Colo. 309, 385 P.2d 585. *Compare with Raullerson v. Patterson,* 272 F. Supp. 495; *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149. *See generally Grandbouche v. People,* 104 Colo. 175, 89 P.2d 577.

The trial judge conducted an extensive examination

regarding Riley's dissatisfaction with his court-appointed counsel. In addition, it is apparent that counsel had an intimate knowledge of the case as they had been associated for over a year and had already conducted one trial which resulted in a mistrial. In fact there is little in the record to suggest more than mere dissatisfaction with petitioners Rogers and Donovan. Thus, if the request was in connection with the trial of the charge, one could not say the court abused its discretion. However, the court misconceived the issues now before it when Riley moved for leave to change his plea of guilty to not guilty. The motion is grounded on the allegation that his guilty plea was induced by inadequate representation by his counsel. Therefore, if Rogers and Donovan were to continue to represent Riley, they would be in the inconsistent position of attempting to defend their own conduct while representing a client who is contending that he was not properly advised as to his plea.

The *American Bar Association Standards for Criminal Justice Relating to Pleas of Guilty, Providing Defense ·Services,* and *The Defense Function* are pertinent here. They provide in part:

"2.1 Plea withdrawal. [Relating to Pleas of Guilty]
* * *
"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;
* * *
"5.3 Withdrawal of counsel. [Providing Defense Services]
Once appointed, counsel should not request leave to withdraw unless compelled to do so because of serious illness or other incapacity to render competent representation in the case, or unless contemporaneous or announced future conduct of the accused is such as to seriously compromise the lawyer's professional integrity.
* * *
"8.6 Challenges to the effectiveness of counsel. [The Defense Function]

\* \* \*

"(c) A lawyer whose conduct of a criminal case is drawn into question is entitled to testify concerning the matters charged and is not precluded from disclosing the truth concerning the accusation, even though this involves revealing matters which were given in confidence."

The petitioners Rogers and Donovan would, in all likelihood, be necessary witnesses adverse to the interests of petitioner Riley at a hearing on the motion to withdraw the plea of guilty. It is obvious that a lawyer cannot act as an advocate on behalf of his client, and yet give testimony adverse to the interests of that client in the same proceeding.

It is, therefore, apparent that a serious conflict of interest would exist if we were not to order petitioners' requests. Neither the law nor common sense suggests that petitioners Rogers and Donovan can in the present posture of the 35(b) proceedings act as advocates on behalf of the petitioner Riley.

It is, therefore, ordered that the respondent trial court permit petitioners Rogers and Donovan to withdraw as petitioner Riley's counsel. We further order the respondent court to appoint private counsel on behalf of petitioner Riley.

The rule is made absolute.

MR. JUSTICE KELLEY does not participate.