## No. 26247

Harlin J. Allen v. The District Court in and for the Tenth Judicial District, State of Colorado, and the Honorable Jack F. Seavy, one of the District Judges in and for the Tenth Judicial District, State of Colorado

(519 P.2d 351)

Decided February 25, 1974.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Larry Morin, Deputy, Randall D. Jorgensen, Deputy, Kenneth Dresner, Deputy, James H. Frasher, Jr., Deputy, for petitioner.

Bollinger, Flick & Young, George M. Bollinger, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding in the nature of prohibition seeks to prohibit the district court from forcing the State Public Defender to represent both Harlin J. Allen and Mary Tonia Hernandez. We issued a rule to show cause and now make the rule absolute.

On June 13, 1973, Mary Tonia Hernandez was charged with the crime of theft for allegedly obtaining welfare assistance by fraud. 1971 Perm. Supp., C.R.S. 1963, 40-4-401. The Pueblo Public Defender's Office was appointed to represent the defendant, Hernandez. Harlin J. Allen, who was then an employee of the welfare department, was endorsed as a witness against the defendant, Hernandez. Evidence adduced at the preliminary hearing disclosed that the defendant, Hernandez, made an incriminating statement to Allen and that Allen's testimony would be essential to the prosecution's case.

On July 12, 1973, Allen was indicted for theft and conspiracy to commit theft in connection with alleged fraudulent welfare payments. 1971 Perm. Supp., C.R.S. 1963, 40-4-401; 1967 Perm. Supp., C.R.S. 1963, 119-9-17. A second indictment was returned against Allen on September 12, 1973, charging him with embezzlement of public property. 1971 Perm. Supp., C.R.S. 1963, 40-8-407. The public defender was appointed to represent Allen on both charges.

Shortly thereafter, the public defender filed motions to withdraw as counsel for Allen. The public defender contends that under the facts in this case conflicting interests exist between the two defendants which prevent the public defender from effectively defending both Allen and Hernandez.

The motion to withdraw was made in both cases in which Allen was charged. The cases against Allen were pending in different divisions of the district court and were heard by different judges. The public defender's motion to withdraw from the theft and conspiracy case was granted, but the motion to withdraw from the embezzlement case was denied. Thereafter, the public defender filed this original proceeding

alleging that the judge's denial of the public defender's motion to withdraw from the embezzlement case constituted an abuse of discretion and that there was no plain, speedy, or adequate remedy other than prohibition.

The need for defense counsel to be completely free from a conflict of interest is of great importance and has a direct bearing on the quality of our criminal justice system. *See H. Drinker, Legal Ethics,* 103-31 (1953).

The *Code of Professional Responsibility,* C.R.C.P. Appendix C, Canon 5, DR 5-105(B) states:

"(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client . . . ." *See also* DR 5-105(D). DR 5-105 is intended to guarantee the independence of counsel from the conflicting interests of other clients in order to preserve the integrity of the attorney's adversary role. *See* C.R.C.P., Appendix C, Canon 5, EC 5-1, 5-14. It is of the utmost importance that an attorney's loyalty to his client not be diminished, fettered, or threatened in any manner by his loyalty to another client. *American Bar Association Standards for Criminal Justice Relating to The Defense Function* § 3.5.

In this case, the trial judge's denial of the motion to withdraw placed the public defender in an untenable position. In the Hernandez case, Allen is an essential prosecution witness. The allegations of fraud which relate to the operation of the welfare department require that the public defender make a full investigation not only in the Allen case, but also in the Hernandez case. *American Bar Association Standards for Criminal Justice Relating to The Defense Function* § 4.1. It is also the obligation of the public defender, and every defense lawyer, to interview a client to determine all relevant facts which are known to the accused and relate to the pending charges. *American Bar Association Standards for Criminal Justice Relating to The Defense Function* § 3.2. Moreover, even though different members of the public defender's staff were representing Allen and

Hernandez, the knowledge, or position gained by any member of the staff would be attributed to the other. DR 5-105(D).

Allen, as an employee of the welfare department, who is himself charged with fraud, is necessarily subject to cross-examination and possible impeachment for his own involvement in the alleged welfare fraud. At the same time, however, the public defender would have the duty, as Allen's attorney, to protect Allen's rights against self-incrimination and against admissions which could be used to prove the prosecution's case against Allen. In our view, the public defender is not able to fulfill both functions at the same time and still provide a proper defense to either Allen or Hernandez. *District of Columbia v. Scott,* 214 F.2d 860 (D.C. Cir. 1954); *United States ex rel Williamson v. LaVallee,* 282 F.Supp. 968 (E.D.N.Y. 1968); *State v. Ebinger,* 97 N.J.Super. 23, 234 A.2d 233 (1967); *People v. Davis,* 210 Cal.App.2d 721, 26 Cal.Rptr. 903 (1962). *See United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Olshen v. McMann,* 378 F.2d 993 (2d Cir. 1967), 27 A.L.R.3d 1426. *See also Special Commission of the Association of the Bar of the City of New York and The National Legal Aid and Defender Association, Equal Justice for the Accused,* 61, 71, 74 (1959).

In our view, genuine conflicts of interest must be scrupulously avoided. Whenever a motion to withdraw is filed on the grounds that a conflict of interest may exist or may arise in the future, the trial judge must conduct a hearing to determine if a conflict of interest, or a potential conflict of interest, requires that counsel withdraw. If, from the facts presented at the hearing, it appears that a substantial conflict of interest exists, or will in all probability arise in the course of counsel's representation, the motion to withdraw should be granted. In this case, the hearing on the public defender's motion to withdraw established an existing conflict of interest, and the motion should have been granted.

Accordingly, the rule to show cause is made absolute.