WALDEN, Judge.
Upon trial by jury defendant was convicted of criminal offenses. He appeals. We reverse and remand for a new trial.
Upon proper qualification the public defender was duly appointed to represent the defendant.
Pretrial the defendant and the state made an agreement concerning the administration of a polygraph test and the use of the results. For reasons not apparent in the record the defendant reneged. Still pretrial, and in fact on the very morning of the trial, the public defender made a motion to withdraw as counsel for the defendant. The public defender testified at the trial before the jury that the reason for his request for relief as counsel was:
“A [By Mr. Kaney] Because we had made a contract and it was my judgment that it would place my office in an untenable position to back down on the contract.”
The request was granted and the cause was brought on for trial with the defendant proceeding in pro per without the benefit of counsel.
It is manifest that there was an insufficient inquiry, colloquy or advice as to defendant’s continuing right to counsel and, indeed, as to whether the defendant waived his right to counsel and consented to the withdrawal. Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429, (1966); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Indicative of insufficiency of the procedure is the total testimony as to the proceedings on the motion to withdraw:
“THE COURT: . . . It is my understanding, Lindsey Taylor, that you have indicated you feel the Public Defender should no longer represent you. Am I correct?
“THE DEFENDANT: That is the way he [the public defender] feels.
“THE COURT: Do you feel he has grounds for feeling that way when you entered into a contract that you failed to live up to ?
“THE DEFENDANT: I think that Mr. Kaney should be pulled from my case at this time.
“THE COURT: You don’t want Mr. Kaney to represent you. Right ?
“THE DEFENDANT: Right.
*675 “THE COURT: You are going forward today without counsel then because the statutes only require that we appoint one attorney. Do you understand that?
“THE DEFENDANT: I guess so.
“THE COURT: That is the status of the statute. Just because you feel he should be pulled from your case — I have every confidence in Mr. Kaney’s ability as a lawyer. The fact that you don’t agree with me doesn’t have anything to do with it.
“Mr. Kaney, you may be relieved of representation in this case and we will proceed to trial.”
To put it mildly, the trial was farcical, and even the state agrees that the “closing was incriminating” and indicated defendant’s basic lack of knowledge of the law.
The State’s first trial witness was the defendant’s former public defender. He appeared and testified very fully as to the contents of the polygraph agreement and set the stage for defendant’s conviction because the results were most incriminating. These additional excerpts from the trial transcript are of some interest:
BY MR. FLOWER for the State, questioning MR. KANEY:
“A. Yes, sir; we were appointed to represent Lindsey Taylor by the Court.

“Q. Correct. And you no longer represent him?
“A. No, sir.
“Q. Would you tell the Jury why you no longer represent him ?
“A. We were relieved of our assignment this morning prior to the start of the trial. [Emphasis supplied.]
“Q. And you were relieved by whom?
“A. The Court allowed us to withdraw.
Q. At whose request?
The defendant concurred with the request. A.
;fc 5{c ifc >{í
“Q. Do you recall that the defendant agreed with the stipulation and agreement for polygraph ?
“A. We discussed it, the defendant and I.
“Q. And that is your recollection ?
“A. Wait a minute — I’m not sure it was my recollection. I don’t recall whose idea it was.”
The defendant attempted to cross-examine his former counsel and asked:
BY THE DEFENDANT:
“Q. Mr. Kaney, isn’t it true that you wanted to withdraw from my case?
“THE COURT: Lindsey, this is just as to the document. You will get a chance to cross examine him in a moment.
“THE DEFENDANT: Oh. Then there will be no questions.
“THE COURT: Then the document [the polygraph agreement and stipulation] will be admitted into evidence without objection of the Defendant.”

CROSS EXAMINATION
BY DEFENDANT:
“Q. Mr. Kaney, isn’t it true that you asked to withdraw from my case?
“A. I was the one that filed the motion, yes.
“Q. You came in and told me that you would ask the Court to withdraw from my case. Am I right ?
“A. Yes.

*676 REDIRECT EXAMINATION BY MR. FLOWER:
“Q. Mr. Kaney, why did you ask to withdraw from this case?
“A. Because we had made a contract and it was my judgment that it would place my office in an untenable position to back down on the contract.
“Q. This contract you refer to is the polygraph examination stipulation and agreement that you just read into the record?
“A. Yes.”
The state thereafter completed its case and rested. The defendant, having only that morning been relieved of counsel and left adrift without inquiry or advice as to the obtaining of new counsel, the obtaining of witnesses, or whether he was prepared and ready to go to trial, was addressed by the court as follows when the time arrived for him to present his case;
“THE COURT: Now, Lindsey Taylor, we are going to take a brief recess. During this time you decide whether or not you wish to take the witness stand in your own behalf. If you do you will be sworn and if you take the stand and' make a statement the State will have the right to Cross Examine you. If you decide not to make a statement we will proceed with the statements to the Jury concerning all of the testimony and you would have the opening and closing statements and I would so instruct the Jury, assuming you have no other witnesses? You have not told me you did.
“THE DEFENDANT: It’s short notice, Judge.
“THE COURT: I know it is short notice but this has been going on for three or four months now.
“THE DEFENDANT: Yes, sir.
“THE COURT: All right, you may go out and think this over.
(WHEREUPON, THE DEFENDANT LEFT THE COURTROOM).
“THE COURT: For the record, Mrs. King, I would announce that the State has proved a prima facie case and that a motion for a directed verdict, if made, would be denied.”
The defendant then apparently advised the court that he was without defenses and had no witnesses or testimony at all. Closing arguments were commenced and the defendant did close with these words:
“THE DEFENDANT: Thank you, Your Honor. Well, gentlemen, and the Court, it all boils down to this. I have faith in that (indicating the polygraph examination). I will rely on that. It was given to you — that right there (indicating). I’ll go by that, which the man says I’m guilty. But, I’m also ill. That would have an effect on it. Mr. Jerni-gan, the man can’t see too well. Gentlemen, I’m not going to be up here too long preaching to you about what is wrong and what is right because you know what’s wrong and what is right. You take it as you hear it. What I said wasn’t too cool. I didn’t sum it up just right, but I did bring out some facts, some facts I did bring out. I’m not to familiar with the law but the facts it did bring out. If we are dealing with the facts — which I presumed we is dealing with the facts — I throw myself on your mercy if that is what we is dealing with —the facts — because the facts have came out. The State have a pretty good case, but not good enough cause we is dealing with facts. The fact that I’m not an attorney, I can’t form it just right, You know what I mean, you know. I can’t form it just right, you know, to show it to you directly, but I think you see it. I think I done brought it out clear enough where you can see it, if we is dealing with facts.
“That’s all, gentlemen, and your Hon-
*677 The role of a public defender is, of course, often a disagreeable one, and it seems reasonable to understand that his duty is not necessarily comparable with that of private counsel. It may be that the defendant’s conduct is unpalatable to him. If this occurs and if the matter is of such moment that he feels that he can no longer continue as defendant’s counsel, he is entitled to apply to the court for relief and the appointment of a replacement to represent the defendant. For as much as we know in the instant case the defendant may have had some basis for refusing to honor his agreement. Indeed, we do not believe that if a defendant disagrees with some notion of fair play as held by his public defender, that the defendant thereupon forfeits his right to counsel as was done here. In sum, it can not be said from the record that the defendant voluntarily waived his right to counsel. This, coupled with the gross ineptness of the defendant’s efforts to represent himself, leads us to think that the judgment must be reversed and the cause remanded for a new trial with appropriate inquiry to be made as to defendant’s right to counsel.
It should be carefully understood that we are not holding that an indigent defendant is entitled to discharge one counsel in favor of another, to make some kind of a choice in the matter, or to trifle with the court. We are holding that, when the public defender seeks to withdraw on his own motion, a substitute counsel should be appointed unless it shall exactly appear upon proper inquiry and advice that the defendant intelligently elected to waive the appointment of a successor. Gideon v. Wainwright, supra', see Riley v. Dist. Ct., 507 P.2d 464 (Colo.1973).
Reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
CROSS and DOWNEY, JJ.,’concur.