The Attorney General is in receipt of your request for an opinion wherein you ask, in essence, the following questions: 1. Would cable television companies within the State of Oklahoma be prohibited from advertising alcoholic beverages; and, 2. Would the cable television companies be prohibited from advertising the sale of alcoholic beverages within the State ? Okla. Const. Article XXVII, Section 5 provides, in pertinent part: "It shall be unlawful for any person, firm or corporation to advertise the sale of alcoholic beverage within the State of Oklahoma, except one sign at the retail outlets bearing the words 'Retail Alcoholic Liquor Store.' " Further, 37 O.S. 516 [37-516] (1971) provides as follows: "It shall be unlawful for any person, firm or corporation to advertise any alcoholic beverages or the sale of same within the State of Oklahoma, except one sign at the retail outlet bearing the words 'Retail Alcoholic Liquor Store,' or any combination of such words or any of them and no letter in any such sign shall be more than four (4) inches in height or more than three (3) inches in width, and if more than one (1) line is used the lines shall not be more than one (1) inch apart." In Oklahoma Alcoholic Beverage Control Board v. Heublein Wines International, Okl., 566 P.2d 1158
(1977), the Oklahoma Supreme Court upheld the above-cited statutes as constitutional limitations on the television advertising of alcoholic beverages. In Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International, supra, the Oklahoma Supreme Court was requested to review a district court decision which in response to a petition for declaratory judgment held that "Oklahoma's laws which prohibit advertising the sale of alcoholic beverages were not an undue burden on interstate commerce and not in violation of the United States Constitution." Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International, supra at 1159. On appeal, Heublein Wines, International contended that advertising via network television was not "transportation or importation into Oklahoma" of intoxicating liquors. Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International, supra at 1161. It was argued that "network television is pure and simple interstate advertising and a state may not enact laws which have an 'extraterritorial' application so as to prevent it from exercising its lawful rights in other states via network television." In affirming the judgment of the trial court, the Oklahoma Supreme Court citing California v LaRue, 409 U.S. 109, 93 S.Ct. 390,34 L.Ed.2d 342 (1972) recognized that theTwenty-First Amendment to the United States Constitution confers "something more than the normal state authority over public health, welfare, and morals." The Court, however, held that: ". . . the Twenty-First Amendment and the commerce clause must each be considered in light of each other and within the context of the issues and interests at stake in each individual case." The Oklahoma Supreme Court in the Heublein decision further stated: "The mere fact that state action may have repercussions beyond state lines is of no judicial significance so long as the action is not within that domain which the Constitution forbids. Osborn v. Ozlin, 310 U.S. 53, 60 S.Ct. 758, 84 L.Ed. 1074
(1950); Joseph E. Seagram Sons v. Hostetter, 384 U.S. 35,86 S.Ct. 1254, 16 L.Ed.2d 336 (1966). A balance must be achieved between the lawful goal to be attained and the degree to which commerce outside the state is thereby incumbered." In reaching its conclusion, the Oklahoma Supreme Court in the Heublein decision observed that: "The Oklahoma television stations have the means and ability to 'block out' unauthorized commercials the same as they are able to 'block out' any other national network programming they do not desire to telecast." In 1977 subsequent to the Heublein decision, the Oklahoma Attorney General was asked in part whether Okla. Const. Article XXVII, Section 5 violated the right of free speech extended by the United States Constitution, and whether it imposed an undue burden on the "interstate commerce" clause of the United States Constitution. Att'y. Gen. Op. No. 77-244 (September 19, 1977) reached the following conclusion: "The prohibition of advertising of alcoholic beverages in this State is a constitutional exercise of the inherent police power of this State as buttressed by theTwenty-first Amendment to the United States Constitution and does not contravene either the Commerce Clause or theFirst Amendment to the United States Constitution. Furthermore, the advertising of alcoholic beverages in the State of Oklahoma is expressly prohibited and the Alcoholic Beverage Control Board, together with all other law enforcement officers in this State, should exercise the diligence necessary to enforce the advertising prohibitions contained in Article XXVII, Section 5 of the Oklahoma Constitution and 37 O.S. 516 [37-516] (1971)." Based on the foregoing it can only be concluded that television advertising of alcoholic beverages is prohibited. There is no reason to believe that cable television should be treated any differently than regularly broadcast television. Furthermore, distinctions between cable television and regularly broadcast television if any, are issues of fact not properly addressed by an Attorney General's Opinion. Your questions address two aspects of advertising: (1) the advertising of alcoholic beverages and (2) advertising the sale of alcoholic beverages. Okla. Const. Article XXVII, Section 5 provides in pertinent part: "It shall be unlawful for any person, firm or corporation to advertise the sale of alcoholic beverages within the State of Oklahoma. . . ." (Emphasis added). Whereas, 37 O.S. 516 [37-516] (1971) provides: "It shall be unlawful for any person, firm or corporation to advertise any alcoholic beverages or the sale of same within the State of Oklahoma . . . ." (Emphasis added). Clearly the Legislature has the power to prohibit both advertisement of alcoholic beverages and advertisement of the sale of alcoholic beverages, Okla. Const. ArticleXXVII, Section 3 provides: "The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverage, consistent with the provision of this Amendment." (Emphasis added) . With regard to the issue of who is liable for illegal advertising of alcoholic beverages over cable television, it should be noted that enforcement of the advertising prohibition is both a civil and criminal matter. Revocation or suspension of a license issued by the Oklahoma Alcoholic Beverage Control Board is provided for upon a finding by the Board that the licensee has wilfully violated any of the provisions of the Oklahoma Alcoholic Beverage Control Act. Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International, supra; 37 O.S. 528 [37-528](1)(a) (1971). While Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International, supra, addressed the issue of a licensee's civil liability for advertising, it is clear that the advertising prohibition applied not only to licensees but to "any person, firm or corporation." Okla. Const. Article XXVII, Section 5; 37 O.S. 516 [37-516] (1971). Further, the Oklahoma Court of Criminal Appeals has rejected the view that "37 O.S. 505 [37-505] — 37 O.S. 575 [37-575] of the Oklahoma Statutes cover the business of the liquor industry only . . . ." Hisaw v. State, Okl.Cr., 604 P.2d 1167 (1979). Any violation of the Oklahoma Alcoholic Beverage Control Act to which no specific penalty has been prescribed is a misdemeanor. 37 O.S. 566 [37-566] (1971). Inasmuch as the Alcoholic Beverage Control Act does not prescribe a specific penalty for advertising, the general penalty provision applies. 37 O.S. 501 [37-501] et seq. (1971); 37 O.S. 537 [37-537] (1971); 37 O.S. 566 [37-566] (1971). It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: The prohibition of advertising alcoholic beverages and advertising the sale of alcoholic beverages via regularly broadcast television applies similarly to advertising by cable television companies. (DUANE N. RASMUSSEN) (ksg)