**ANDERSON, CALDER & LEMBKE, a Professional Corporation, Petitioners,**

**v.**

**DISTRICT COURT OF LARIMER COUNTY, and the Honorable John-David Sullivan, One of the Judges thereof, Respondents.**

**No. 81SA170.**

Supreme Court of Colorado.

June 8, 1981.

Anderson, Calder & Lembke, P. C., Stephen P. Calder, Aurora, for petitioners.

John-David Sullivan, District Judge, Fort Collins, pro se.

DUBOFSKY, Justice.

In this original proceeding, the petitioners request a writ of prohibition directing the respondent district court to grant them leave to withdraw as attorneys of record for a defendant in a pending criminal case. We issued a rule to show cause, and now make that rule absolute.

Criminal charges against the petitioners' client, Joseph Holness, have been pending before the respondent district court in Larimer County since December 16, 1980.[1] A preliminary hearing on the charges against the defendant is scheduled for June 30, 1981.[2] On December 23, 1980, the petition-

ers and Holness entered into a written "Retainer Agreement" which provided that Holness pay $4,000 to the petitioners by February 20, 1981, as consideration for petitioners' services as Holness' defense counsel. The agreement also provided that:

"Failure to pay any installment *when due* [emphasis in original] . . . results in withdrawal of this firm from any pending action."

The petitioners allege that they had rendered about $3,000 in services for Holness by February 20, 1981, but that Holness had paid only $500 of the $4,000 retainer. When their efforts to obtain payment were unsuccessful, the petitioners served Holness with a motion to withdraw as attorney of record on March 2, 1981. The motion was set for hearing on April 7, 1981, and notice of the hearing was sent to Holness on March 10, 1981. Holness, who had moved to Austin, Texas after the criminal charges were filed, failed to appear at the April 7, 1981, hearing.[3]

At the hearing on the petitioners' motion to withdraw as counsel, the trial court denied the motion without explanation. In response to the order to show cause, the respondent concedes that an attorney has the right to be paid for services, but argues that once it becomes clear that the attorney is not going to be paid, withdrawal is permissible only when it will not inconvenience others and will not interfere with the client's rights. The court justifies its denial of the petitioners' motion on the basis that its congested court calendar makes it difficult to reschedule court appearances. The court also expresses concern for the effect a continuance may have on the prosecution[4] and on the defendant.

Generally, an attorney who undertakes to conduct an action impliedly stipulates that he will prosecute it to its conclu-

---

1. Holness is charged with four counts of theft by a deception and one count of securities fraud.

2. The defendant waived his right to have his preliminary hearing held within thirty days of the date the hearing is set. Crim.P. 5(a)(4)(I).

3. Holness has not communicated with the petitioners since the fee dispute arose. However,

two weeks after the respondent trial court denied the petitioners' motion to withdraw, Holness informed the court that he opposed the petitioners' withdrawal.

4. The district attorney received notice of the hearing on the motion to withdraw and was present at the hearing although he made no statement to the court.

sion; the attorney is not at liberty to abandon the representation of his client without reasonable cause. *Riley v. District Court,* 181 Colo. 90, 507 P.2d 464 (1973). Motions for withdrawal of counsel are addressed to the discretion of the court and will not be reversed unless clear error or abuse is shown. *Riley v. District Court, supra.* The court's inherent power to require an attorney to appear derives from its responsibility to conduct its business efficiently, effectively, and fairly. *Sobol v. District Court,* Colo., 619 P.2d 765 (1980); *see Fisher v. State,* 248 So.2d 479 (Fla.1971). In some cases, however, a court may abuse its discretion by refusing to permit an attorney to withdraw from his client's case. *Sobol v. District Court, supra; Allen v. District Court,* 184 Colo. 202, 519 P.2d 351 (1974) (whenever a motion to withdraw is filed on the grounds that a conflict of interest between an attorney and his client exists, the trial judge must conduct a hearing on the motion).

The Code of Professional Responsibility, C.R.C.P. Canon 2, DR 2–110 permits an attorney to withdraw in matters pending before a tribunal if his client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees. DR 2–110(C)(1)(f). However, a lawyer may not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client and allowing time for employment of other counsel. DR 2–110(A)(2). *Accord, Phoenix Mut. Life Ins. v. Radcliffe on Delaware, Inc.,* 439 Pa. 159, 266 A.2d 698 (1970); *People v. Prince,* 268 Cal.App.2d 398, 74 Cal. Rptr. 197 (1968); *Jacobs v. Pendel,* 98 N.J. Super. 252, 236 A.2d 888 (1967).

Here, the petitioners gave their client notice of their intent to withdraw eighteen weeks before the preliminary hearing. Had the court granted their motion to withdraw, the defendant would have had approximately twelve weeks from the date of the hearing on the motion until the preliminary hearing to procure substitute counsel. Because the Colorado Rules of Criminal Procedure contemplate that a preliminary hearing will be held within thirty days of the date it is set, an attorney ordinarily has far less time to prepare for the preliminary hearing than would a substitute counsel engaged by Holness in this case. Crim.P. 5(a)(4)(I).

It was incumbent upon the court to consider the petitioners' motion to withdraw. From the material before us, it appears that the petitioners' motion to withdraw was justified and that the petitioners took reasonable steps to avoid foreseeable prejudice to the rights of their client. DR 2–110. Therefore, we direct the respondent court to grant the petitioners' motion to withdraw as attorneys of record for Joseph Holness in the criminal case pending before the respondent.

Rule made absolute.