The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Mark W. RAY, Defendant–Appellant.

No. 89CA1070.

Colorado Court of Appeals, Div. A.

May 3, 1990.

Rehearing Denied June 14, 1990.

Certiorari Denied Nov. 19, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge KELLY.

Defendant, Mark W. Ray, appeals the order of the trial court denying his post-conviction motion requesting reduction of sentence. We dismiss the appeal.

The defendant entered a guilty plea to a charge of class 4 felony child abuse, and was sentenced to 16 years at the Department of Corrections. Defendant was represented by the public defender's office throughout this case in the district court, and counsel filed a motion requesting reduction of defendant's sentence pursuant to Crim. P. 35(b). The trial court denied the motion without a hearing on May 12, 1989.

On July 5, 1989, defendant *pro se* filed a notice of appeal in this court seeking review of that order. On November 24, 1989, the trial court appointed the public defender to represent defendant on appeal, and sent a copy of the order of appointment to the public defender the same day.

On January 9, 1990, the public defender entered an appearance in this case on appeal, and requested leave to withdraw, arguing that the appeal had no arguable merit. This request was denied on January 24, 1990. On February 14, 1990, the public defender moved for reconsideration of this court's denial of the request to withdraw, and we deny the request for the reasons set forth below.

## I. Denial of the Request to Withdraw

The public defender argues that withdrawal is mandated by § 21–1–104(2), C.R.S. (1986 Repl.Vol. 8B) which provides in pertinent part that:

"In no case ... shall the state public defender be required to prosecute any appeal or other remedy unless the state public defender is satisfied first that there is arguable merit to the proceeding."

The public defender here represents this appeal to lack arguable merit and, consequently, insists this court must allow counsel's withdrawal under the statute.

■ We initially note that the decision to allow withdrawal of counsel is one committed to the sound discretion of the court. *Riley v. District Court,* 181 Colo. 90, 507 P.2d 464 (Colo.1973); C.A.R. 5; and *see also Watson v. District Court,* 199 Colo. 76, 604 P.2d 1165 (1980). We further recognize the general rule that counsel who undertakes to conduct an action impliedly stipulates that he will prosecute it to a conclusion. *Riley v. District Court, supra; Sobol v. District Court,* 619 P.2d 765 (Colo.1980).

■ Here, it is undisputed that the public defender represented defendant throughout the trial court proceedings, including the filing of the motion now on appeal. There is no indication that counsel sought leave to withdraw from defendant's representation before the trial court, nor did counsel object to the trial court's order of November 24, 1989, appointing counsel on appeal. Since the record before us indicates that counsel has taken no action before this court until January 9, 1990, to resist the appointment, nor apparently has counsel taken any action whatsoever before the trial court concerning her continued representation of defendant, we conclude that, under these circumstances, counsel has undertaken the appeal and cannot now be allowed to abandon representation.

## II. Dismissal of the Appeal

■ Counsel for defendant has argued, in support of the motion to withdraw, that since this appeal seeks review of the trial court's order denying sentence reduction, such order is not appealable. Counsel relies upon the rule announced in *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980), which declines the right to appeal if the issue before the appellate court is the propriety of sentence. Because counsel's position rests on matters of law only, we address the merits of the case.

As enunciated in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), considerations of the constitutional right to counsel dictate that if an attorney appointed to represent an indigent defendant on direct appeal finds a case wholly frivolous, then he should so advise the

**10**

court and request permission to withdraw. The request must be accompanied by a brief referring to anything in the record that might arguably support the appeal, and a copy provided to the defendant, who may then raise any points he chooses. Only if such procedure is followed may the court then decide the question.

■ However, under the situation presented here, we are mindful that there is no federal or state constitutional right to counsel in a Crim. P. 35 hearing. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *People v. Duran,* 757 P.2d 1096 (Colo.App.1988). Therefore, we hold the requirements of *Anders v. California, supra,* are not applicable to post-conviction proceedings, and the appellate court is vested with substantial discretion to determine whether those proceedings are frivolous. *Pennsylvania v. Finley, supra.*

Based on the record before us and the assertions of counsel, we conclude that this appeal cannot be recognized under *People v. Malacara, supra.*

Appeal dismissed.

METZGER and REED, JJ., concur.