The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard S. DEMAREST,
Defendant–Appellant.

No. 89CA0447.

Colorado Court of Appeals,
Div. A.

May 3, 1990.

Rehearing Denied June 14, 1990.

Certiorari Denied Nov. 19, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Jenine Jensen, Terri L. Brake, Deputy State Public Defenders, Denver, for defendant-appellant.

Opinion by Chief Judge KELLY.

Defendant, Richard S. Demarest, appeals the order of the trial court denying his motion for post-conviction relief pursuant to Crim.P. 35(c). We affirm the order.

Defendant was found guilty by a jury of first degree murder and was sentenced to life imprisonment on December 7, 1981. Defendant appealed his conviction to this court, and the judgment was affirmed. *People v. Demarest*, (Colo.App. No. 82CA0122, May 24, 1984) (not selected for official publication). Defendant was represented by the public defender on appeal.

On June 12, 1985, defendant, through the office of the public defender, filed a motion for post-conviction relief. Defendant *pro se* filed a brief in support of the motion, and, following a hearing, the trial court denied the relief requested. Defendant, through his appointed public defender, ap-

pealed the order, which was affirmed by this court. *People v. Demarest*, (Colo.App. No. 86CA0316, April 7, 1988) (not selected for official publication).

On February 22, 1989, defendant *pro se* filed the instant post-conviction motion, which was denied by the trial court on March 8, 1989. The office of the public defender was appointed to represent defendant on appeal, and counsel entered her appearance before this court on March 29, 1989. On February 2, 1990, the public defender requested leave to withdraw, arguing "that it is not in the interest of justice to pursue the claims presented." The request was denied on February 14, 1990. On February 20, 1990, the public defender moved for reconsideration of this court's denial of the request to withdraw, and we deny the request for the reasons set forth below.

## I. Denial of the Request to Withdraw

The public defender argues that withdrawal is mandated by § 21-1-104(2), C.R.S. (1986 Repl. Vol. 8B) which provides in pertinent part that:

"In no case ... shall the state public defender be required to prosecute any appeal or other remedy unless the state public defender is satisfied first that there is arguable merit to the proceeding."

The public defender here represents this appeal to lack arguable merit and, consequently, insists this court must allow counsel's withdrawal under the statute.

We initially note that the decision to allow withdrawal of counsel is one committed to the sound discretion of the court. *Riley v. District Court*, 181 Colo. 90, 507 P.2d 464 (Colo.1973); C.A.R. 5; and *see also Watson v. District Court*, 199 Colo. 76, 604 P.2d 1165 (1980). We further recognize the general rule that counsel who undertakes to conduct an action impliedly stipulates that he will prosecute it to a conclusion. *Riley v. District Court, supra; Sobol v. District Court*, 619 P.2d 765 (Colo.1980).

Here, it is undisputed that the public defender represented defendant throughout two prior appeals, including the filing of a previous motion for post-conviction relief. There is no indication that counsel objected to the trial court's order of March 16, 1989, appointing counsel on appeal, nor has counsel taken any action whatsoever resisting appointment until February 2, 1990. Since counsel has continued her appellate representation of defendant for some eleven months, we conclude that, under these circumstances, counsel has undertaken the appeal and cannot now be allowed to abandon representation.

## II. Affirmation of the Order

Counsel for defendant has argued, in support of the motion to withdraw, that the present appeal has no arguable merit. Counsel represents that she "has carefully reviewed the appellate record, and has carefully considered the trial court's order." Counsel concludes that all the issues raised in the present appeal have been previously addressed, either in the direct appeal of defendant's conviction, or in earlier post-conviction proceedings. Accordingly, she asserts that the within motion was properly denied under the standard of *People v. Hubbard*, 184 Colo. 225, 519 P.2d 951 (1974) and *People v. Billips*, 652 P.2d 1060 (Colo.1982). Because counsel's position rests on matters of law only, we address the merits of the case.

As enunciated in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), considerations of the constitutional right to counsel dictate that if an attorney appointed to represent an indigent defendant on direct appeal finds a case wholly frivolous, then he should so advise the court and request permission to withdraw. The request must be accompanied by a brief referring to anything in the record that might arguably support the appeal, and a copy provided to the defendant, who may then raise any points he chooses. Only if such procedure is followed may the court then decide the question.

However, under the situation presented here, we are mindful that there

is no federal or state constitutional right to counsel in a Crim.P. 35 hearing. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *People v. Duran*, 757 P.2d 1096 (Colo.App.1988). Therefore, we hold the requirements of *Anders v. California, supra*, are not applicable to post-conviction proceedings, and the appellate court is vested with substantial discretion to determine whether those proceedings are frivolous. *Pennsylvania v. Finley, supra*.

Based on the record before us and the assertions of counsel, we conclude that the motion for post-conviction relief was properly denied by the trial court on the basis that it merely reasserted matters previously litigated to finality. *See People v. Billips, supra.*

Order affirmed.

METZGER and REED, JJ., concur.